## DOTTENHEIM et al. v. EMERSON ELECTRIC MFG. CO.

### No. C–7072.

District Court, E. D. New York.

Jan. 29, 1947.

Crawford & Parsons, of New York City (J. Lester Parsons, Jr. and H. Victor Crawford, both of New York City, of counsel), for defendant for motion.

Milton Pollack, of New York City, for plaintiffs, opposed.

INCH, District Judge.

Defendant moves, under Rule 12 of the Federal Rules of Civil Procedure, 28 U.S.

C.A. following Section 723c, to dismiss the complaint herein for its failure to set forth a claim upon which relief can be granted.

Section 16(b), of the Securities Exchange Act of 1934, 15 U.S.C.A. § 78p(b), provides, in relevant substance, that an officer of a corporation may not make a profit out of short term dealings in a security of his corporation. Any profit realized in violation of this provision may be recovered in a suit by the corporation or by any stockholder in the name of the corporation if the corporation "shall fail or refuse to bring such suit within sixty days after request".

Plaintiff, Dottenheim, is a stockholder in the defendant corporation. The complaint alleges that Dottenheim employed one Frederick, as attorney, to investigate dealings of the president of the corporation in its securities and if unlawful profits were discovered to have been made by the said officer, the attorney was to request the corporation to bring suit to recover the same, and was to prepare for and conduct any litigation that became necessary. He was to be paid a reasonable fee for his services contingent upon a benefit to the corporation therefrom and reimbursement of the sum to be paid to Dottenheim. It is claimed that investigtion was made by the attorney and that a letter was forwarded to the corporation, informing it of the unlawful profits made by its president, and demanding that suit be commenced by it to recover the same. Thereafter, the corporation called its president to task and he turned over to the corporation, pursuant to its request and without any action being commenced, the sum of $57,872.

■■ The attorney assigned his claim and one of these causes of action is brought by the assignee to recover the reasonable value of the attorney's services, alleged to be the sum of at least $14,468. The theory of this claim is that one who renders valuable services to another who derives a benefit therefrom is entitled to compensation on a quantum meruit basis upon a contract obligation implied by the law. But it is well established that as a prerequisite to a recovery upon implied contract, the plaintiff must allege and prove, either an express contract of hire, without a specification of remuneration, or the existence of circumstances from which such an agreement may be inferred. It is obvious from a reading of the complaint that no attempt is made to satisfy either of these alternatives and the assignee plaintiff does not in her brief strenuously urge this claim, upon which no relief can here be granted.

■ However, the claim asserted by the plaintiff Dottenheim is in a different category. A suit brought by a stockholder, under Section 16(b), is not a representative action to recover money belonging to a class but is rather the recovery of a penalty payable to the corporation. As such, the recognized right of a stockholder to be reimbursed his expenses from the fund realized would seem not to prevail in the absence of statutory authorization. Especially would this appear to be so when other sections of the same statute specifically do provide for the discretionary allowance of attorney's fees against one who unlawfully manipulates security prices or who is guilty of misleading statements. Section 9(e), 15 U.S.C.A. § 78i(e), Section 18(a), 15 U.S.C.A. § 78r(a). Nothing is mentioned in 16(b) concerning the reimbursement of a stockholder for expenses incurred by him. However, where an action has been brought, this matter is no longer an open one. In Smolowe v. Delendo Corp., 2 Cir., 1945, 136 F.2d 231, 148 A.L.R. 300, certiorari denied 320 U.S. 751, 64 S.Ct. 56, 88 L.Ed. 446, it was decided that despite the omission from Section 16(b) of any legislative authorization for the reimbursement to a stockholder of his attorney's fees and other expenses, it lay within the court's discretion to do so. The court aptly observed that the purpose of the statute to encourage stockholder vigilance might be emasculated, unless a stockholder could rely upon being reimbursed his out-of-pocket expenses if his suit produced benefits for the corporation. This practice was approved without comment in the recent case of Park & Tilford, Inc., v. Schulte, 2 Cir., Jan. 8, 1947, 160 F.2d 984, where an intervening stockholder was allowed the expense of his attorney's fees

from the fund which his argument on appeal produced.

The distinction is urged, by the defendant, that the complaint here does not allege that an action was commenced. It would appear that the purpose of the statute would be as effectively thwarted if such distinction were to be approved as if reimbursement were to be denied entirely. If the objective is the recovery by the corporation of unlawful profits, would it be reasonable to say that a stockholder shall be entitled to all his expenses if he needs to bring suit, but that he shall be denied reimbursement where the same benefit to the corporation has resulted without the necessity of legal proceedings and at less expense? This would be penalizing efficiency and expediency. A stockholder acting in good faith would be induced to accompany his request to the corporation with only scanty information in the hope that the corporation might thereby neglect to bring suit, so as to enable the stockholder to institute an action and thereby recover the fees paid to his attorney for the investigation required to uncover the illegal dealings of the officer. Such an unreasonable interpretation of legislative intent is not to be countenanced.

Where expenses are properly reimburseable, the reasonableness of the attorney's fees requested is always before the court and the fee allowable where no suit was necessary will necessarily be smaller than where litigation ensued. Here it may be that a letter alone produced the whole benefit to which the corporation was entitled and the result was as complete as could be accomplished by litigation. The amount to which plaintiff, Dottenheim, is entitled may be small but his right to recover his expenses is established. The complaint as to him states a claim upon which relief can be granted.

The motion to dismiss is denied as to plaintiff Dottenheim, and is granted as to the claim set forth by plaintiff Raizman, assignee of the attorney, on his own behalf.

Settle order on notice.