Donald A. HENSS and William G. Wells, individually and as stockholders of Fruehauf Trailer Corp., and on behalf of all other stockholders similarly situated, and in the name and behalf of Fruehauf Trailer Corp., Plaintiffs,

v.

C. L. SCHNEIDER and Fruehauf Trailer Corp., Defendants.

United States District Court
S. D. New York.
May 12, 1955.

5. Title 35 U.S.C.A. § 103.

Markewich, Rosenhaus & Beck, New York City, Robert Markewich, Samuel Beck, New York City, of counsel, for plaintiffs.

Seligson, Morris & Neuburger, New York City, Charles Seligson, David Sive, New York City, of counsel, for defendant Fruehauf Trailer Corp.

WEINFELD, District Judge.

This is a motion by the corporate defendant, Fruehauf Trailer Company, to dismiss the complaint pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., for failure to state a claim upon which relief can be granted.[1]

The action is brought by the plaintiffs as stockholders of the Fruehauf Trailer Company under § 16(b) of the

---

1. Following the service of this motion but before the return day the plaintiffs, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, amended their complaint as of course by dropping the corporate defendant, the moving party. They thus created a dilemma for themselves since the motion was either moot because Fruehauf was no longer a defendant or the action was subject to dismissal because it was an indispensable party. Koster v. (American) Lumbermens Mutual Casualty Co., 330 U.S. 518, 67 S.Ct. 828, 91 L.Ed. 1067; Venner v. Great Northern Railway Co., 209 U.S. 24, 28 S.Ct. 328, 52 L.Ed. 666; Doctor v. Harrington, 196 U.S. 579, 25 S.Ct. 355, 49 L.Ed. 606; Lavin v. Lavin, 2 Cir., 182 F.2d 870, 18 A.L.R.2d 1017. Following argument plaintiffs reconsidered and have withdrawn their amendment, the effect of which in any event was doubtful (see Rule 23(c), Federal Rules of Civil Procedure) and accordingly the corporation remains a party defendant.

Securities Exchange Act,[2] to recover short swing profits realized by the individual defendant, one of its vice-presidents. Section 16(b) of the Act, which created a right in the corporation to recover such profits was intended to protect outside stockholders against short swing speculation by insiders with advance information.[3]

The complaint alleges that on March 14, 1955 the plaintiffs as stockholders of the defendant corporation made a demand upon it to compel the individual defendant to account for profits realized by him in the period from November 8, 1954 to January 12, 1955; that no action was taken by the corporation to compel an accounting or to recover the profits realized by the officer. On March 18, four days after their demand, the plaintiffs, notwithstanding the clear language of § 16(b) which authorizes security owners to prosecute a suit to recover profits "if the issuer shall fail or refuse to bring such suit within sixty days after request * * * ",[4] commenced this action.

Thus the narrow question presented is whether a complaint in an action by a security holder under § 16(b) of the Act is subject to dismissal where sixty days have not elapsed following the request upon the corporation to bring suit to recover an insider's short swing profit and where the complaint contains no allegations purporting to establish legal justification for the commencement of the suit before the expiration of the sixty day period.

▮ I am of the view that the complaint must be dismissed. The sixty day provision was enacted for the benefit of the corporation and to afford it a reasonable opportunity to assert and prosecute its claim in its own name for the recovery of profits from the insider. The corporation's right to prosecute the claim was to pass to the security holders only if it failed to take appropriate action within the specified period. This right was recognized at least inferentially in Smolowe v. Delendo Corporation, 2 Cir., 136 F.2d 231, 241, 148 A.L.R. 300: "Ordinarily the corporate issuer must bring the action; and only upon its refusal or delay to do so, as here, may a security holder act for it in its name and on its behalf." To permit an action to be brought by the security holders prior to the end of the sixty day period (absent justification) not only deprives the corporation of its right to conduct the litigation but also disregards the clear and unequivocal language of the statute.

In resisting the motion to dismiss, the plaintiffs pose a series of hypothetical situations based upon wrongful conduct by a corporation or the insiders which may defeat the objectives of the act unless security holders are permitted to file suits fast on the heels of the request and before the termination of the sixty day period. Accordingly they urge what they term a liberal construction of the Act. A liberal interpretation of an act does not license the court to rewrite the statute. Indeed, the words of the Act are so clear that no interpretation is required. Perhaps there are situations where there is danger that the Congressional purpose will be frustrated unless the security holders are permitted to commence the suit against the profiting wrongdoer prior to the expiration of the sixty day period. If in a given case, the corporate rights may be defeated because of improper conduct or lack of dil-

---

2. 15 U.S.C.A. § 78p(b).

3. Smolowe v. Delendo Corporation, 2 Cir., 136 F.2d 231, 148 A.L.R. 300, certiorari denied 320 U.S. 751, 64 S.Ct. 56, 88 L.Ed. 446; Park & Tilford v. Schulte, 2 Cir., 160 F.2d 984.

4. "Suit to recover such profit may be instituted at law or in equity in any court of competent jurisdiction by the issuer, or by the owner of any security of the issuer in the name and in behalf of the issuer if the issuer shall fail or refuse to bring such suit within sixty days after request or shall fail diligently to prosecute the same thereafter; but no such suit shall be brought more than two years after the date such profit was realized." 15 U.S.C. § 78p(b).

igence by corporate officers, then such facts should be alleged in the complaint. The complaint here makes no such charge.[5]

We are not dealing here with a conjectural problem. Whenever a factual situation presents itself which threatens to frustrate the purposes of the Act and to defeat corporate right, and the complaint contains allegations to support the plea so made, the courts can readily meet the issues so presented just as they were resolved in Benisch v. Cameron, D. C.S.D.N.Y., 81 F.Supp. 882, and Grossman v. Young, D.C.S.D.N.Y., 72 F.Supp. 375. The instant issue differs from that posited in those cases. In each the plea that the action was prematurely commenced by the security holders following their demand was raised, not by the corporation, but by the individual defendant and it was held that the latter had no status to raise the objection since the sixty day period specified in § 16(b) was intended for the benefit of the corporation and not the profiting insider. Moreover, in each case the complaint alleged that plaintiffs had demanded that the corporation sue within a specified time to avoid the defense of the statute of limitations; that notwithstanding, the corporation failed to take timely action and unless the suit were commenced prior to the expiration of the sixty day period the corporate right to recover would be prejudiced or defeated. Finally, the Grossman case is further distinguishable since the plaintiffs also alleged the futility of demand upon the corporation to bring such suit by reason of domination or effective control of the corporation by the faulting officer.

To permit the commencement of suits prior to the expiration of the specified period where no facts are pleaded to justify it, not only flies in the face of the clear mandate of the law but would subject a corporation to harassment by a multiplicity of suits by its security holders, all of whom would be equally entitled to assert the corporate right.

The plaintiffs also resist dismissal on the ground that their request "was made not entirely for the benefit of the corporation but also to lay the foundation for the second prayer for relief, to wit, allowance of attorneys' fees". The action here is derivative in nature. The cause of action is not the plaintiffs' but the corporation's.[6] The allowances of fees is an incident to that claim and payable out of the fund recovered.[7] And if the corporate claim is dismissed the incidental claim for attorneys' fees falls with it. However, plaintiffs are not without a remedy. If their activities compelled action by the corporation which resulted in the recapture of the insider's profits, whether by suit or otherwise, they may in an independent action recover the legal expenses incurred by them for the services which led to the corporation's benefit.[8]

The complaint is dismissed.

Settle order on notice.

5. The courts have not hesitated to permit intervention by security holders so that corporate rights could be fully protected whenever it appeared that corporations, in prosecuting suits or appeals, were not acting with diligence or adequacy. See Park & Tilford v. Schulte, 2 Cir., 160 F.2d 984; Pellegrino v. Nesbit, 9 Cir., 203 F.2d 463, 37 A.L.R. 2d 1296; Twentieth Centry-Fox Film Corp. v. Jenkins, D.C.S.D.N.Y., 7 F.R.D. 197.

6. Schreiber v. Butte Copper & Zinc Co., D.C.S.D.N.Y., 98 F.Supp. 106, 112.

7. Park & Tilford v. Schulte, 2 Cir., 160 F.2d 984, 989; Smolowe v. Delendo Corporation, 2 Cir., 136 F.2d 231, 241, 148 A.L.R. 300.

8. Dottenheim v. Emerson Electric Mfg. Co., D.C.E.D.N.Y., 7 F.R.D. 195.