Abraham L. FISTEL, a stockholder of Follansbee Steel Corporation, suing on behalf of himself and all other stockholders similarly situated and on behalf of and in the right of Follansbee Steel Corporation, Plaintiff,

v.

C. E. CHRISTMAN and Follansbee Steel Corporation, Defendants.

United States District Court
S. D. New York.
July 5, 1955.

Morris J. Levy, New York City, for plaintiff.

Lotterman & Tepper, New York City, for defendant C. E. Christman. Joseph Lotterman and Ralph R. Weiser, New York City, of counsel.

Kelley, Drye, Newhall & Maginnes, New York City, for defendant Follansbee Steel Corp. W. F. Knecht, New York City, of counsel.

Netter & Netter, New York City, for M. Bolt, a stockholder. Edward Rothenberg, New York City, of counsel.

PALMIERI, District Judge.

This is an application by plaintiff pursuant to Rule 23(c) of the Federal Rules of Civil Procedure for court approval of a proposed dismissal of an action brought under section 16(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78p (b). Plaintiff, a stockholder of the Follansbee Steel Corporation, instituted this action to recover alleged profits that he claims defendant Christman realized as a result of a "short-swing" transaction in Follansbee Steel Corporation stock. Defendant denied the allegations of the complaint, and the case was vigorously contested until the pending application for dismissal was made.

The application for dismissal is signed by the attorney for the plaintiff and is made "upon condition that the defendant, C. E. Christman, pay me as attorney for the plaintiff herein the sum of $2,500.00 for legal services rendered by me and disbursements incurred in this matter * * *." See page one of the affidavit of plaintiff's attorney attached to my order of May 20, 1955 in the instant case. Plaintiff's attorney states that his reasons for urging dismissal are as follows: (1) There is some question whether the venue of the action is proper; (2) it will be difficult for plaintiff to prove that Christman realized profit from the transaction in issue; and (3) even if plaintiff is successful the amount of recovery may be so small that it would hardly cover the expenses incurred in litigating the case. Finally, the attorney for plaintiff asserts that he is prepared to proceed with the case, if the court does not approve the proposed dismissal.

The attorney for the defendant Christman states that although Christman de-

nies that he is liable under section 16(b), Christman authorized him to offer plaintiff $2,500 for the costs and expense of maintaining the action on condition that the action be dismissed. The attorney states that the offer was made "for the purpose of eliminating the drain upon the defendant's health and well-being which is of tremendous importance to this defendant because of his advanced years (85) and the precarious state of his physical welfare." See page 3 of the affidavit of the attorney for defendant Christman, dated May 20, 1955. The affidavits of both attorneys state that the Follansbee Steel Corporation does not object to the proposed dismissal. On the argument this was confirmed by the attorney for the corporation.

After reading the affidavits of the attorneys for the plaintiff and Christman and discussing the proposed dismissal with them, I signed an order providing that a hearing on the proposed dismissal be held before me, that notice of the hearing be given to the security holders of the Follansbee Steel Corporation by publishing the notice, which is set forth in the footnote below, once in the New York Times.[1] I also ordered that a copy of the notice be served upon the Securities and Exchange Commission. This was done but the Commission did not appear. A stockholder who saw the notice and appeared at the hearing now objects that the notice was inadequate because of its limited publication and because it did not contain sufficient information to enable a security holder to decide whether there was any reason for him to be present at the hearing. Counsel for this stockholder points out that the notice did not describe the nature of the action or the terms of the proposed dismissal. There is much force to these objections.[2] But my decision on the proposed dismissal makes it unnecessary for me to determine whether another hearing should be held because of deficient notice of the hearing that was held.

The proposed dismissal is conditioned on the defendant Christman's paying a fee to plaintiff's attorney although the Follansbee Steel Corporation, in behalf of which the action was brought, is to receive nothing. At the outset the Court must determine whether a dismissal that is conditioned upon the defendant "insider" paying the plaintiff's attorney a fee is consonant with the statutory scheme by which Congress sought to achieve the ends in view of section 16(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78p(b). Since I believe that a dismissal that is so conditioned is not consonant with this scheme and should never be approved, I need not determine whether the merits in this

---

1. "To the Security Holders of Union Chemical & Materials Corp., formerly known as Follansbee Steel Corporation: "In pursuance of an order of the Hon. Edmund L. Palmieri, a Judge of the United States District Court for the Southern District of New York, dated May 20, 1955, Notice Is Hereby Given, pursuant to Rule 23 of the Federal Rules of Civil Procedure, that, in the matter entitled 'United States District Court, Southern District of New York, Abraham L. Fistel, etc., Plaintiff, against C. E. Christman, et al., Defendants,' (Civil 61–326) an application is pending for judicial approval of the discontinuance and dismissal of the said action and for other relief. A Hearing on the said application will be held before Hon. Edmund L. Palmieri, at the United States Courthouse, Foley Square, New York

City, New York, on the 1 day of June, 1955, at 10:30 A.M. in Room 2804. The application is on file in the Clerk's Office."

2. Compare the notice given in Pottish v. Divak, Order of April 3, 1947 (Civ. No. 30–49 S.D.N.Y.), 71 F.Supp. 737 and Benisch v. Cameron, affidavit filed Feb. 4, 1949 (Civ. No. 47–21 S.D.N.Y.), 81 F. Supp. 882, with notice given in the instant case, in Steinberg v. Landair Associated Corp., Order of Sept. 19, 1950 Civ. No. 51–232 S.D.N.Y.), 10 F.R.D. 447 and in Colby v. Klune, Order of Dec. 10, 1952 (Civ. No. 44–676 S.D.N.Y.), 83 F.Supp. 159.

3. The parties have brought to my attention two cases in which judges in this district approved dismissals conditioned upon the defendant "insider" paying the

case warrant a dismissal without a recovery for the benefit of the corporation.[3]

But assuming arguendo that this were a case in which there were cogent reasons for dismissing the action, I could not permit the plaintiff's attorney to collect any moneys from the "insider." Plaintiffs' attorneys should be required to look to the recovery by the corporation for their fees. Thus, the fairness of the amount requested as the attorney's fee would be subjected to the scrutiny of the Court and would bear some relationship to the amount of the corporate recovery —and not to the "insider's" willingness to pay.

Section 16(a) of the Securities Exchange Act of 1934 requires "[e]very person who is * * * the beneficial owner of more than 10 per centum of any class of any equity security (other than an exempted security) which is registered on a national securities exchange, or who is a director or an officer of the issuer of such security" to file "a statement with the exchange (and a duplicate original thereof with the Commission) of the amount of all equity securities of such issuer of which he is the beneficial owner, and within ten days after the close of each calendar month thereafter, if there has been any change in such ownership during such month, * * * a statement * * * indicating his ownership at the close of the calendar month and such changes in his ownership as have occurred during such calendar month." 15 U.S.C. § 78p(a).

And section 16(b) provides, "For the purpose of preventing the unfair use of information which may have been obtained by such beneficial owner, director, or officer by reason of his relationship to the issuer, any profit realized by him from any purchase and sale, or any sale and purchase, of any equity security of such issuer (other than an exempted security) within any period of less than six months * * * shall inure to and be recoverable by the issuer, irrespective of any intention on the part of such beneficial owner, director, or officer in entering into such transaction of holding the security purchased or of not repurchasing the security sold for a period exceeding six months. Suit to recover such profit may be instituted * * * by the issuer, or by the owner of any security of the issuer in the name and in behalf of the issuer if the issuer shall fail or refuse to bring such suit within sixty days after request or shall fail diligently to prosecute the same thereafter * * *." 15 U.S.C. § 78p(b).

The purpose of these provisions is to protect investors who are not likely to have inside information about the issuer-corporation's plans from the market activities of some persons who, because of their relationship with the corporation, are likely to have such information. This purpose is achieved by penalizing those persons who are likely to have inside information and who may have used such information for their personal profit through a short-swing transaction. See Gratz v. Claughton, 2 Cir., 187 F.2d 46, 52, certiorari denied 1951, 341 U.S. 920, 71 S.Ct. 741, 95 L. Ed. 1353; Smolowe v. Delendo Corp., 2 Cir., 136 F.2d 231, 241, 148 A.L.R. 300, certiorari denied 1943, 320 U.S. 751, 64 S.Ct. 56, 88 L.Ed. 446. The statute requires such person to pay the profits

---

plaintiff's attorney a fee. Attorney for the plaintiff in this case represented the plaintiff in both of those cases. In one, Steinberg v. Landair Associated Corp., D.C.S.D.N.Y., 10 F.R.D. 447, he received a $4,000 fee from the defendant "insider." The corporation received nothing. See order of October 5, 1950. (Civ. No. 51-232 S.D.N.Y.). In the other he received a $3,000 fee one-half of which was payable by the defendant "insider"

and the other half by the corporation for the benefit of which the action was brought. The corporation received nothing. See Colby v. Klune, Affidavit and Order of Dec. 10, 1952 and Order of Dec. 23, 1952 (Civ. No. 44-676 S.D.N.Y.), 83 F.Supp. 159. With deference, for the reasons set forth herein, I do not believe that these cases have fixed a policy that I should follow.

from such a transaction to the corporation. "As Thomas G. Corcoran, one of the draftsmen, pointed out: 'You hold the director, irrespective of any intention or expectation to sell the security within six months.' If for personal reasons the director must sell within that time, Mr. Corcoran stated, 'Let him get out what he put in, but give the corporation the profit.'" Cook and Feldman, Insider Trading Under the Securities Exchange Act, 66 Harv.L.R. 385, 407–408, 612 (1953) (footnotes omitted).

Section 16(b) assigns to the owners of any security of the issuer-corporation an important role in the enforcement of the statute. They can determine whether profit realized as a result of a reported transaction may be recoverable by or for the benefit of the corporation by examining the reports that section 16(a) requires "insiders" to file. And since Congress was aware that corporate officers or directors might well be reluctant to sue a fellow officer or director or an important stockholder, it provided that "the owner of any security of the issuer" could sue "in the name and in behalf of the issuer if the issuer shall fail or refuse to bring such suit within sixty days after request or shall fail diligently to prosecute the same thereafter * * *." Securities Exchange Act of 1934, § 16 (b), 15 U.S.C. § 78p(b). But the statute does not offer any hope of reward to the security holder who brings an action under section 16(b) other than the satisfaction derived from a good deed well done and the extent to which the value of his interest in the corporation might be increased by reason of a recovery. Perhaps because of this lack of an appreciable material reward or because most investors have neither the means or knowledge needed to engage in an investigation for the purpose of determining if the grounds for an action under section 16(b) exist, attorneys have

largely pre-empted their position as enforcers of section 16(b). As the Court of Appeals for this circuit recognized in an early case, in many cases "the possibility of recovering attorney's fees * * * provide[s] the sole stimulus for the enforcement of § 16(b) * * *." Smolowe v. Delendo Corp., 2 Cir., 136 F.2d 231, 241, 148 A.L.R. 300, certiorari denied 1943, 320 U.S. 751, 64 S.Ct. 56, 88 L.Ed. 446.

Thus, in many, if not all, section 16(b) cases in which the issuer-corporation refuses to act the attorneys for plaintiff-security holders must be relied upon to protect the interests of the stockholders and the corporation.[4] As long as the interests of the security holders, the corporation, and the attorney for the plaintiff-security holder parallel each other there is no reason to fear that this reliance is misplaced. These interests do parallel each other when the fee of the attorney for the plaintiff-security holder is contingent upon his success in imposing the statutory penalty on the "insider" and is payable from the corporation's recovery. Under these circumstances the self-interest of the attorney for the plaintiff-security holder corresponds exactly with the interests of the public, the security holders and the corporation.

But once the attorney for the plaintiff-security holder can recover a fee from the defendant "insider" his interests and those of the public, the security holders, and the corporation diverge. For his interest in the enforcement of section 16 (b) is then affected by the fact that he can profit from the dismissal of an action on condition that the "insider" pay him a fee, and his reliability as an enforcer of the statutory policy is susceptible of doubt.

I therefore believe that the policy and purposes of section 16(b) are best served by disapproval of any dismissal of an

---

**4.** The attorney for the security holder in the instant case has appeared as attorney for plaintiff-security holders in many section 16(b) cases both in this circuit and in others. See, e.g., Blau v. Mission Corp., 2 Cir., 212 F.2d 77, certiorari denied 1954, 347 U.S. 1016, 74 S.Ct. 872, 98 L.Ed. 1138; Pellegrino v. Nesbit, 9 Cir., 1953, 203 F.2d 463, 37 A.L.R.2d 1296.

action under that statute that is conditioned on the plaintiff's attorney receiving any payment from the defendant "insider." Since the proposed dismissal is so conditioned, it is hereby disapproved.