**Joseph WEISMAN, Plaintiff,**

v.

**Raymond SPECTOR, H. L. Sondheim, Donald Burr and Hazel Bishop, Inc., Defendants.**

United States District Court
S. D. New York.
Feb. 5, 1958.

See also, 158 F.Supp. 788.

Martin Horwitz, New York City, for plaintiff.

Emil K. Ellis, New York City, for defendants.

DAWSON, District Judge.

This is a motion made by the defendant corporation, Hazel Bishop Inc., for a summary judgment against the plaintiff, pursuant to Rule 56 of the Rules of Civil Procedure, 28 U.S.C.A.

The action is one brought by an alleged stockholder under the provisions of the Securities Exchange Act (15 U.S.C.A. § 78p(b)) alleging that the defendant Spector participated in short swing stock transactions of Hazel Bishop Inc. and realized profits thereby at a time when he was a director of Hazel Bishop Inc. The action seeks a judgment, pursuant to this provision of the statute, requiring defendant Spector to pay to the corporation the profits which he realized from the purchase and sale or sale and purchase of equity securities of the corporation within any period of less than six months.

The motion for summary judgment is brought upon the ground that plaintiff has not requested the corporation to bring such action, as provided in 15 U.S.C.A. § 78p(b). The complaint in the action alleges that such demand would have been futile since the defendant corporation is "controlled by the defendant Spector and Sondheim who own in the aggregate more than 50% of the stock and who designate the various nominees for directors of the corporation." The answer of the defendants denies this allegation. The answering affidavit submitted on this motion alleges that the Board of Directors of the corporation consisted of five individuals and that a majority of the Board are "men of intelligence and responsibility * * whose decisions have been and will be motivated by the interests and welfare of the defendant corporation."

It is well established that a demand upon a corporation to sue is not a prerequisite, if such demand would be a futile gesture. However, the mere allegation in the complaint that it would be a futile gesture, or similar allegations in the moving papers, are not sufficient. Opinion of Judge Dimock in Netter v. Ashland Paper Mills, D.C., 19 F.R.D. 529, at page 531:

"The allegation that the demand would be futile must be proved and

it is not every 'insider' who controls the board of directors."

 Therefore plaintiff has the burden of establishing the controverted allegation that a demand upon the corporation to sue would have been futile. This cannot be done merely upon affidavits. It is an issue of fact wherein the trier of the facts should have the opportunity of hearing the testimony of those who are alleged to have been, in effect, "stooges" for the defendant Spector. The mere fact that persons are nominees of a large stockholder does not necessarily mean that they subordinate their independent judgment to the man who nominates them. This is particularly true when, as appears in this case, at least three of the five members of the Board of Directors appear to be men of experience in business and legal affairs and who must have known that failure to bring a lawsuit on behalf of the corporation, if justified, might subject them to personal liability.

Since an issue of fact exists in this case it would be improper to grant this motion for summary judgment.

 It should perhaps be pointed out that this motion for summary judgment is made on behalf of the defendant corporation, which is at best a nominal defendant since the action is in effect one for the benefit of the corporation. Both the corporation and Mr. Spector, the real defendant, are represented by the same counsel. The Court would point out that there seems to be, on the face of the pleadings, a conflict of interest between Mr. Spector and the corporation, which should raise a question in the mind of counsel for the defendants as to whether he should represent parties with apparently divergent interests. However, even though this motion was made by counsel on behalf of the corporate defendant, the Court has considered it since it is one which affects the jurisdiction of the Court to consider the action.

The motion for summary judgment made by the corporate defendant is denied. So ordered.