Berthold L. BERKWICH, Plaintiff,

v.

William H. MENCHER and the Central Railroad Company of New Jersey, Defendants.

United States District Court
S. D. New York.

March 17, 1965.

As Amended March 24, 1965.

Nathan, Mannheimer, Asche, Winer & Friedman, New York City, for plaintiff; Norman Winer, New York City, of counsel.

Stein, Abrams & Rosen, New York City, for defendant William H. Mencher.

Richard J. Lally, New York City, for defendant The Central Railroad of New Jersey.

WYATT, District Judge.

This is a motion by plaintiff for summary judgment. Fed.R.Civ.P. 56.

The action is under Section 16(b) of the Securities and Exchange Act of 1934, 15 U.S.C. § 78p(b).

Plaintiff is a stockholder of defendant The Central Railroad of New Jersey ("Central"). The common stock of Central is "registered on a national securities exchange" (15 U.S.C. § 78p(a)), the Philadelphia-Baltimore-Washington Ex-

change. At all relevant times defendant Mencher was a director of Central.

Between December 21, 1962 and March 1, 1963 Mencher sold 11,200 shares of common stock of Central.

Within six months from December 21, 1962 Mencher bought 11,200 shares of common stock of Central.

The profit realized by Mencher from these sales and purchases was $16,-792.51.

■ The federal courts have exclusive jurisdiction of actions such as this and venue may be laid in any district "wherein any act or transaction constituting the violation occurred". 15 U.S.C. § 78aa; Blau v. Mission Corp., 212 F.2d 77, 79 (2d Cir.), cert. denied 347 U.S. 1016, 74 S.Ct. 872, 98 L.Ed. 1138 (1954).

As to all the purchases and sales, the broker for Mencher initiating the transactions was in this District; as to all sales by Mencher, the proceeds were remitted to his broker in this District; and all new certificates were issued by the transfer agent of Central in this District.

In a proxy statement sent out in November 1963, Central advised its stockholders of sales and purchases by Mencher of Central stock, including all the purchases and sales involved in this action. Central gave the profit realized by Mencher as $16,647.51 (but on this motion the slightly higher figure of $16,-792.51 as found above is not disputed). In the proxy statement, Central among other things said the following:

"The Company believes that Dr. Mencher had no ulterior motive in making the purchases and sales in question and that, although he is liable to the Company under the provisions of Section 16(b) of the Securities Exchange Act of 1934, he did not in fact abuse in any way his position as a Director of the Company and that while engaged in these transactions he was not using for his own benefit any confidential information with respect to the Com-

pany which he had obtained in his capacity as a Director. Accordingly, the Company does not propose to bring suit against Dr. Mencher under Section 16(b) of the Securities Exchange Act of 1934."

This action was commenced on November 20, 1963. No request was made by plaintiff on Central as provided for in 15 U.S.C. § 78p(b) because the announced refusal of Central indicated to plaintiff that such a request would be futile.

On December 17, 1963 Central filed its answer, having mailed a copy the day before to the counsel for plaintiff. The answer raised as a defense that there had been no demand on Central. At that point counsel for plaintiff told counsel for defendant that plaintiff would turn over the action to Central without counsel fee to plaintiff if Central would agree to prosecute the action. There was no response until in March 1964 when there were further talks between counsel. Apparently counsel for Central wanted to know whether, if Central took over the action, plaintiff would expect a counsel fee. He was told by counsel for plaintiff that an allowance for counsel fees would be sought from this Court. Thereupon counsel for Central told counsel for plaintiff that Central would not take over the action.

Under date of March 26, 1964, plaintiff made a written demand on Central that it bring an action against Mencher, stating that plaintiff would do nothing during "the statutory sixty days". No action was in fact brought by Central.

There is no issue as to any of the facts above set forth and they constitute sufficient material facts to permit this motion to be decided as a matter of law.

■ The only question is whether under the circumstances here present it was necessary for plaintiff to make a request of Central to bring suit. Section 16(b) provides that such request must be made before "the owner of any security of the issuer" can bring a suit. Since the well-remembered days of Grossman v.

Young, 72 F.Supp. 375 (S.D.N.Y.1947) a request under Section 16(b) has been excused where the making of such a request would be futile; "the futility of the ceremonial required, I believe, should excuse the plaintiffs" (72 F.Supp. at 380). See also Henss v. Schneider, 132 F.Supp. 60, 63 (S.D.N.Y.1955); Netter v. Ashland Paper Mills, 19 F.R.D. 529, 531 (S.D.N.Y.1956); Weisman v. Spector, 158 F.Supp. 789, 790–91 (S.D.N.Y. 1958).

■ Of course, there may be a genuine issue of fact as to whether a request would be futile, as, for example, if an averment of control should be factually disputed. But this is no such situation. Central publicly announced, before plaintiff commenced this action, that it did "not propose to bring suit against Dr. Mencher under Section 16(b) * * * ". Surely plaintiff could take Central at its word. The determination of Central not to bring suit is further evidenced by the fact that it has never brought any suit, nor did it take over this action when an offer was made by plaintiff to turn it over. The discussion about counsel fees to plaintiff is of no moment. Had Central taken over the action and prosecuted it to recovery, it might still have been liable to pay the fees of counsel to plaintiff. Gilson v. Chock Full O'Nuts Corp., 331 F.2d 107 (2d Cir. 1964).

From the undisputed facts it appears that request of Central would have been futile and this action was properly commenced without any such request.

Accordingly, there must be judgment in favor of Central and against Mencher for $16,792.51 with interest from June 21, 1963 and costs.

■ There must also be an allowance for counsel fees of plaintiff. The allowance asked for is "25% of the sum recovered" plus disbursements of $158.52.

Civil Rule 11 of this Court requires that an allowance in this type of action be made "after a hearing upon such notice as the court may direct".

For this purpose a hearing will be held in Room 1306 on April 1, 1965 at 1:45 o'clock in the afternoon. There is only one applicant for fees and this applicant, counsel for plaintiff, is directed to state the application as a dollar amount rather than as a percentage of recovery and to notify counsel for Central promptly of such dollar amount, and the amount of disbursements. When this has been done, notice is directed to be given by Central to its stockholders of the name and address of the applicant and of the amount requested and that the application will be submitted to the Court on April 1, 1965 at the time and place above stated. Such notice shall be given by publication once in either The Wall Street Journal (edition for this area) or in The New York Times on or before March 23, 1965. A copy of the notice shall be given to counsel for plaintiff and for Mencher.

Entry of judgment will be deferred until after the application for an allowance is decided.