Diana CORAN et al., Plaintiffs,

v.

SNAP–ON TOOLS CORPORATION,
Defendant.

No. 74–C–32.

United States District Court,
E. D. Wisconsin.

March 2, 1976.

M. P. Frank, Milwaukee, Wis., for plaintiffs.

W. Stuart Parsons, Milwaukee, Wis., Samuel Weisbard and Byron L. Gregory, Chicago, Ill., for defendant.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

This is an independent plenary action to recover the reasonable value of attorneys' fees. The action is predicated upon the benefit or "windfall" recovery of $156,151.72 in short-swing profits which plaintiff Diana Coran and her attorneys allegedly conferred upon the defendant corporation by their services in a prior action under § 16(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78p(b). Defendant Snap-On Tools Corporation ("Snap-On") has moved this court, pursuant to Rules 12(b) and 56 of the Federal Rules of Civil Procedure, to dismiss the complaint and for summary judgment on the following grounds: (1) res judicata; (2) collateral estoppel; and (3) plaintiffs lack standing to bring this action in view of their failure to comply with the statutory prerequisites of § 16(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78p(b). For the reasons herein stated, defendant's motions must be denied.

### I.

On April 16, 1973, Diana Coran, a shareholder of Snap-On, filed a derivative action in the Eastern District of Wisconsin against Snap-On and one of its directors, Gilbert H. McCreery, seeking to recover profits realized by McCreery on his sale and purchase of shares of Snap-On within a period of six months (so-called short-swing profits). *Coran v. McCreery, et al.*, Civil Action No. 73–C–209 (E.D.Wis.1973) (hereinafter "McCreery action"). Section 16(b), upon which Coran based her first suit, provides that if a corporation's federally registered securities are purchased and sold within six months by an officer, director, or 10 per cent stockholder of the corporation, any profits resulting from such transactions are subject to recovery by the corporation. Section 16(b) also allows a shareholder to recover the short-swing profits on behalf of the corporation by way of a derivative suit if certain statutory requirements are met. Section 16(b) provides in part:

"* * * Suit to recover such profit may be instituted at law or in equity in any court of competent jurisdiction by the issuer, or by the owner of any security of the issuer in the name and in behalf of the issuer if the issuer shall fail or refuse to bring such suit within sixty days after request or shall fail diligently to prosecute the same thereafter; * * *."

Shortly after the complaint was filed in the *McCreery* action, No. 73–C–209, Snap-On's management investigated the stock transactions of McCreery and demanded and recovered the short-swing profits in the amount of $156,151.72. Having recovered the profits, Snap-On moved, pursuant to Rule 56 of the Federal Rules of Civil Procedure, to dismiss the *McCreery* action on the grounds that (1) plaintiff Coran lacked standing to bring the action because she failed to make a prior request to Snap-On to bring the action as required by § 16(b), and (2) that the issue raised by the complaint was rendered moot by McCreery's total repayment of § 16(b) profits and interest.

In granting the motion to dismiss the *McCreery* action, Judge Gordon held in his decision and order of August 30, 1973, as follows:

"Section 16(b) requires that a shareholder can bring a derivative action thereunder only if (a) he has first made a request to the corporation to institute an action to recover the insider's short-swing profits, and (b) the corporation has failed or refused to bring such an action within 60 days of the shareholder's request. See *Henss v. Schneider*, 132 F.Supp. 60 (S.D.N.Y. 1955). It is true that the statutory prerequisite need not be satisfied if circumstances then known to the shareholder make it obvious that a request of the corporation would be futile. However, the mere conclusory allegations of futility contained in the instant complaint are unsubstantiated and fail to meet this test. Moreover, Snap-On's conduct upon receiving notice of its entitlement to recover

'short-swing' profits—when this suit was filed—demonstrates that such a demand would not have been futile. Therefore, I conclude that, because she failed to demonstrate compliance with the elements of either the statutory condition expressed in § 16(b), or the 'futility exception' thereto, the plaintiff lacks standing to maintain this action."

In addition, Judge Gordon held that McCreery's repayment of the profits rendered the complaint moot.

Following the dismissal of the *McCreery* action, Coran and her attorneys commenced this plenary suit to recover the value of their services based on the benefit conferred upon the corporation. The defendant now seeks to dismiss this action.

## II.

■ A claim for attorneys' fees may be maintained by a shareholder in § 16(b) litigation in either one of two ways. First, the cause of action for attorneys' fees may be joined in the same action which is brought by the shareholder to recover the short-swing profits. *Globus v. Jaroff*, 279 F.Supp. 807 (S.D.N.Y.1968). Alternatively, the shareholder can institute a second independent action to recover the value of the attorneys' services. *Henss v. Schneider*, 132 F. Supp. 60 (S.D.N.Y.1955). In this action, defendant contends that Judge Gordon's dismissal of the *McCreery* action operates as a bar to this independent action on the grounds of res judicata and collateral estoppel. Having reviewed the complaint and Judge Gordon's decision and order in the *McCreery* action, this court finds that both the defendant's motion and the court's decision and order in the *McCreery* action dealt solely with the derivative claim set forth in the complaint for recovery of § 16(b) profits and not with respect to the request for attorneys' fees demanded in the prayer for relief. The issues presented by the motion in the *McCreery* action were whether the plaintiff had standing to maintain a derivative action under § 16(b) and

whether the action was mooted by McCreery's repayment of the profits realized on the transactions to Snap-On. Plaintiffs' request for attorneys' fees was not pled as a separate cause of action but was merely set out in the prayer for relief. Therefore, it did not constitute a part of the cause of action which was dismissed. Consequently, the judgment in the *McCreery* action dismissing plaintiffs' § 16(b) cause of action did not operate as res judicata with respect to plaintiffs' present plenary suit for the value of the attorneys' services. Nor can collateral estoppel be applied since neither party actively litigated the issue, nor did the Court consider or make any finding with respect to the value of the services.

## III.

■ Defendant also contends that attorneys' fees cannot be awarded where a claimant institutes an action under § 16(b) without having complied with the standing requirements of that section. This Court finds defendant's contention without merit. In *Henss v. Schneider*, 132 F.Supp. 60 (S.D.N.Y.1955), a shareholders' derivative action to recover short-swing profits under § 16(b), plaintiffs had made a demand on the corporation to recover the profits but had failed to await the expiration of the sixty-day statutory period before commencing their action. In granting defendants' motion to dismiss, the Court found, as Judge Gordon did in the *McCreery* action, that there was no basis for plaintiffs' failure to comply with the statutory requirements. However, the Court went on to hold at page 63:

"The plaintiffs also resist dismissal on the ground that their request 'was made not entirely for the benefit of the corporation but also to lay the foundation for the second prayer for relief, to wit, allowance of attorneys' fees'. The action here is derivative in nature. The cause of action is not the plaintiffs' but the corporation's. The allowances of fees is an incident to that claim and payable out of the fund

recovered. And if the corporate claim is dismissed the incidental claim for attorneys' fees falls with it. However, plaintiffs are not without a remedy. If their activities compelled action by the corporation which resulted in the recapture of the insider's profits, whether by suit or otherwise, they may in an independent action recover the legal expenses incurred by them for the services which led to the corporation's benefit."

Consequently, despite plaintiffs' failure to comply with the statutory requirements, plaintiffs were entitled to institute an independent action to recover attorneys' fees for any benefit bestowed upon the corporation. This is the basis for plaintiffs' commencing this action. Nor does the fact that plaintiffs' § 16(b) action was mooted by McCreery's repayment of the short-swing profits prevent plaintiffs from maintaining this independent plenary suit. *Globus v. Jaroff*, 279 F.Supp. 807 (S.D.N.Y.1968); *Gilson v. Chock Full O'Nuts Corp.*, 331 F.2d 107 (2d Cir. 1964); *Dottenheim v. Emerson Elec. Mfg. Co.*, 7 F.R.D. 195 (E.D.N.Y. 1947).

### IV.

■ The benefit conferred upon a corporation in a § 16(b) action is purely "windfall" in nature. The corporation has not suffered any damages and therefore is not being reimbursed for any loss. Consequently, courts have been liberal in awarding fees "on the theory that the corporation which has received the benefit of the attorney's services should pay the reasonable value thereof." *Smolowe v. Delendo Corporation*, 136 F.2d 231, 241 (2d Cir. 1943); *Mills v. Electric Auto-Lite Co.*, 396 U.S. 375, 391, 90 S.Ct. 616, 625, 24 L.Ed.2d 593, 605 (1960). The theory of plaintiffs' present action is that the complaint in the *McCreery* action was the first knowledge Snap-On had that McCreery had made short-swing profits in violation of § 16(b) of the Act. In addition, plaintiffs allege that at the time the complaint was served in the *McCreery* action, Snap-On did not maintain a system by which transactions, such as McCreery's, could be ascertained and detected. Consequently, plaintiffs' claim that their investigation of the transactions set forth in the *McCreery* complaint led directly to the "windfall" recovery of $156,151.72 in short-swing profits and that absent plaintiffs' discovery of the transactions, the § 16(b) liability of McCreery would not have been detected by Snap-On's management and would have been barred by § 16(b)'s two-year statute of limitations. Therefore, plaintiffs contend that they are entitled to attorneys' fees predicated primarily upon the benefit conferred on the corporation.

■ While this Court believes that plaintiffs' "services" in commencing a derivative action under § 16(b) without having made a prior request on the corporation to recover the profits and resisting its dismissal may not have benefitted the corporation in any way, it cannot be said that the services of the attorneys in investigating and discovering the § 16(b) profits did not benefit the corporation as a matter of law. In *Blau v. Rayette-Faberge, Inc.*, 389 F.2d 469, 473 (2d Cir. 1968), the Second Circuit held:

" * * * Reimbursement for information leading to corporate recovery will be allowed only if the corporation has done nothing for a substantial period of time after the suspect transactions and its inaction is likely to continue. In this way, not speed but careful investigation will be rewarded, and the corporation will have adequate opportunity to enforce its rights without prodding from a stockholder. But if the corporation has been, and is likely to be, inattentive to its rights, a portion of any recovery should properly go to the stockholder for reimbursement of any reasonable legal expenses. * * * *"

Since plaintiffs have alleged that Snap-On did not maintain a system by which transactions in violation of § 16(b) could be detected, this Court cannot conclude, on the basis of the present record, that Snap-On would have independently

discovered and recovered the § 16(b) profits before the two-year statute of limitations expired and that, therefore, the information provided by the plaintiffs was of no benefit. Plaintiffs have alleged that Snap-On was likely to be "inattentive to its rights." Thus, to this extent plaintiffs have alleged a valid cause of action on the basis of benefit conferred which cannot be dismissed.

It is therefore ordered that defendant's motions pursuant to Rules 12(b) and 56 of the Federal Rules of Civil Procedure be and they hereby are denied.