**Ellen JONES, Plaintiff,**

**v.**

**FREMONT ENERGY CORPORATION, a Colorado corporation, and W. J. Murphy, Defendants.**

**Civ. A. No. 81–K–968.**

United States District Court, D. Colorado.

April 5, 1982.

---

Richard A. Winkel, Denver, Colo., Seymour A. Oliff, Chicago, Ill., for plaintiff.

Jeffrey A. Knoll, Constantine & Prochnow, Engelwood, Colo., for defendants.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

This is an action under § 16(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78p(b),[1] to recover the alleged "short-swing" profits by the defendant W. J. Murphy, on behalf of the defendant-Fremont Energy Corporation (hereinafter "FEC").

Murphy is and was the president of the FEC at the time of the alleged transactions. This court has jurisdiction to hear this claim pursuant to 15 U.S.C. § 78aa.

■ A "short-swing" profit is the profit realized from the sale of a corporation's stock by an "insider" (beneficial owner, director or officer) within a six-month or lesser period. 15 U.S.C. § 78p(b) provides that a shareholder may bring suit to recover short-swing profits for the corporation only if the shareholder makes a demand on the corporation to bring suit and the corporation fails to bring suit within 60 days after the shareholder demand. Congress enacted the 60-day provision for the benefit of the corporation and to afford it a reasonable opportunity to assert and prosecute its claim in its own name for the recovery from the insider. *Henss v. Schneider*, 132 F.Supp. 60, 62 (S.D.N.Y.1955). Accordingly, the corporation's right to prosecute the claim passes to the shareholders only where the corporation fails to take appropriate action within the specified time period. *Id.*

In the instant case, the plaintiff made a demand on the corporation to recover short-swing profits on August 14, 1980. On August 24, 1980, the FEC's vice-president, Victor Lesbeck, wrote a letter to the plaintiff's attorney, Samuel Oliff, indicating that the FEC's records did not reveal that the plaintiff was a shareholder. On January 12, 1981, Oliff wrote a letter to Lesbeck indicating that all of the plaintiff's shares are held in "street name" with Merrill Lynch,

---

1. 15 U.S.C. § 78p(b) provides:

   For the purpose of preventing the unfair use of information which may have been obtained by such beneficial owner, director, or officer by reason of his relationship to the issuer, any profit realized by him from any purchase and sale, or any sale and purchase, of any equity security of such issuer (other than an exempted security) within any period of less than six months, unless such security was acquired in good faith in connection with a debt previously contracted, shall inure to and be recoverable by the issuer, irrespective of any intention on the part of such beneficial owner, director, or officer in entering into such transaction of holding the security purchased or of not repurchasing the security sold for a period exceeding six months. Suit to recover such profit may be instituted at law or in equity in any court of competent jurisdiction by the issuer, or by the owner of any security of the issuer in the name and in behalf of the issuer if the issuer shall fail or refuse to bring such suit within sixty days after request or shall fail diligently to prosecute the same thereafter; but no such suit shall be brought more than two years after the date such profit was realized. This subsection shall not be construed to cover any transaction where such beneficial owner was not such both at the time of the purchase and sale, or the sale and purchase, of the security involved, or any transaction or transactions which the Commission by rules and regulations may exempt as not comprehended within the purpose of this subsection.

Pierce, Fenner & Smith. Oliff also stated that if the corporation did not recover the short-swing profits, he would file a lawsuit the first week of February, 1981. On January 29, 1981, the FEC instituted an action to recover the short-swing profits, *Fremont Energy Corporation v. W. J. Murphy,* Civil Action No. 81–K–107 (D.Colo.1981), and it notified plaintiff's counsel of that fact on February 11, 1981. Nevertheless, on March 3, 1981, the plaintiff instituted her own action to recover the short-swing profits.

This case is now before me on the defendant's motion for summary judgment pursuant to rule 56(b), F.R.Civ.P. The defendant claims that the plaintiff's demand on the corporation in August, 1980 was improper since she failed to provide a showing of stock ownership. While there is no explicit requirement in the statute of a "proper" shareholder demand and I am unaware of any case law or other authority on the issue, the 60-day provision's purpose suggests that the plaintiff's action in the instant case should be dismissed.

■ The obvious purpose of the 60-day provision in 15 U.S.C. § 78p(b), as recognized in *Henss v. Schneider, supra,* is to only permit a shareholder to bring an action to recover short-swing profits on behalf of the corporation where the corporation lacks diligence or concern for the same. The defendant-FEC has in no way exhibited a lack of diligence or concern for recovering the short-swing profits in the instant case. After the plaintiff's initial demand, the FEC promptly notified the plaintiff of the lack of information regarding her shareholder identity. When the plaintiff finally revealed her true shareholder identity, the FEC promptly proceeded to prosecute the claim for those profits.

■ I hold that the defendant's letter to the plaintiff, indicating the corporation's insufficient information of the plaintiff's shareholder identity, tolled the 60-day period until the plaintiff responded with information as to her true shareholder identity. The corporation, thus, filed its action within the statutory period, thereby depriving the plaintiff of the right to sue for the short-swing profits. Accordingly, it is hereby

ORDERED that the defendant's motion for summary judgment is granted. This complaint and civil action are hereby dismissed. Each party to bear his, her or its own costs.