Petition of SCHWARZ.

UNITED STATES v. GENERAL ANILINE & FILM CORP., I. G. FARBENINDUSTRIE, A. G., et al.

United States District Court
S. D. New York.

Oct. 17, 1950.

130

Kaskell & Schlesinger, New York City, for petitioner.

Herbert L. Abrons, New York City, for Aniline & Film Corp.

GODDARD, District Judge.

This is a petition in which petitioner Ernst Schwarz seeks to compel the defendant General Aniline & Film Corporation to reimburse him for attorney's fees and costs he incurred in defense of a criminal anti-trust suit brought against him individually and the General Aniline & Film Corporation, of which he was a director, by the United States of America. He also seeks reimbursement for a fine which was levied upon him as such defendant after a plea of Nolo Contendre.

The petition is founded on Article 6-A of the General Corporation Law of the State of New York, McK.Consol.Laws, c. 23, as amended in 1945. This Article provides for the reimbursement of litigation expenses of corporation officials in a suit, action or proceeding to which the official is made a party by reason of the fact that he is such a corporation official.

Section 65 of this Article provides in part as follows: "Application * * * for as-sessment of expenses pursuant to section sixty-four of this chapter, may be made either (a) in the action, suit or proceeding brought in this state in which such expenses were incurred, or (b) to the supreme court in a separate proceeding * * *".

This court has no power to enter a civil judgment against a co-defendant in a criminal proceeding on the petition of another co-defendant. This petition is brought in the civil part of this court. The action in which the expenses for which reimbursement is now sought were incurred was in the criminal part of the court. Thus, this petition is not made "in the action, suit or proceeding in which the expenses were incurred".

That the New York State Legislature realized that application for reimbursement could not be made in a criminal action appears from The Law Revision Commission study and recommendations in the 1945 Report of The Law Revision Commission. This study states in part at page 161: "It may be urged that this language might cover certain types of actions [e.g. a criminal proceeding against the corporation and its officers or directors for violation of the anti-trust laws] in which the court, lacking powers of a court of equity, would not be in a position to pass upon the right to indemnity or to make allowances. This contingency can be avoided by embodying in an amendment to section 61-a language such as that of the California statute permitting the maintenance of a special proceeding against the corporation for the sole purpose of determining these questions."

To meet such a situation, the New York State Legislature provided in Section 65 that reimbursement might be sought a special proceeding in the New York Supreme Court.

The merits of the claim for reimbursement are not now passed upon.

The petition is dismissed for lack of jurisdiction. Settle order on notice.