**HENNESSEY**

v.

**FEIN.**

United States District Court
S. D. New York.
Aug. 14, 1959.

Louis Kipnis, New York City, for Hennessey.

Buchman & Buchman, New York City, for Fein.

Royall, Koegel, Harris & Caskey, New York City (William W. Owens and Justin W. D'Atri, New York City, of counsel), for Lanston Industries, Inc.

RYAN, District Judge.

Application is now made by Buchman and Buchman, attorneys for defendant Fein, for an order under Sec. 63 et seq. N.Y.Gen.Corp.Law, requiring the corporate defendant Lanston Industries, Inc., to pay the sum of $13,750 for legal services rendered to defendant Fein in this suit filed under Section 16(b) of the Securities Exchange Act of 1934, 15 U.S.C.A. § 78p.

■ The corporate defendant opposes the application urging among various grounds the inapplicability of Article 6–A (Sec. 63 et seq.) of the N.Y.Gen. Corp.Law to a suit filed under Sec. 16(b). Because we agree it is unnecessary to consider this defendant's other objections.

■ To reach this determination we assume that the applicants are proper parties under Sec. 64, i. e. that they are attorneys who have not been paid for services rendered to a defendant and may make this application as assignees claiming in the right of the defendant Fein who is a "person made a party to any [the] action" under Sec. 64; LeBoeuf v. Austrian, 4 Cir., 240 F.2d 546; Margareten v. Horowitz, Sup., 112 N.Y. S.2d 24.

The relief sought arises from a state created right that we would be obliged to apply if jurisdiction over the primary action were founded on diverse citizenship. Austrian v. Williams, D.C., 120 F. Supp. 900; 2 Cir., 216 F.2d 278; Cohen v. Beneficial Industrial Loan, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528. But our jurisdiction here rests solely on the federal statute creating the remedy—the right to recover on behalf of the corporation the shortswing profit made by the defendant at the expense of the corporation. 15 U.S.C.A. § 78aa.

The relief which this Court may grant as part of the "action, suit or proceeding" (Sec. 64, N.Y.G.C.L.) is defined and limited by the federal statute which gives it existence and may not be enlarged or diminished by the New York statute. Board of Commissioners of Jackson County in State of Kansas v. United States, 308 U.S. 343, 60 S.Ct. 285, 84 L. Ed. 313. Consequently an application for relief under that statute may not be heard as part of the action brought under the federal statute; it is not an incident to the federal action (Austrian v. Williams, 2 Cir., 216 F.2d 278, 282) and this Court has no jurisdiction to entertain the application. Petition of Schwarz, D.C., 94 F.Supp. 129; Sec. 65, N.Y.G.C.L.

■ While allowances have been granted attorneys for a successful Sec. 16(b) plaintiff, this has been done not as part of the federal claim or under the statute (which is silent in this respect), but in the exercise of the Court's inherent equity jurisdiction to reimburse the one through whose efforts a fund has been brought into court for the benefit of others (Sprague v. Ticonic Nat. Bank, 307 U.S. 161, 59 S.Ct. 777, 83 L.Ed. 1184), (which is clearly not the case here); and then only in those instances where the exercise of that jurisdiction was consonant with the Congressional purpose of the statute. Smolowe v. De-

lendo, 2 Cir., 136 F.2d 231; Magida v. Continental Can, D.C.S.D.N.Y.1955, 176 F.Supp. 781.

Since this application may not be heard as part of the action brought under Sec. 16(b), plaintiff must under the New York statute (Sec. 65) seek relief by plenary suit in the State Supreme Court.

Application denied for lack of jurisdiction; so ordered.