Jerome L. GILSON and Morris J. Levy, Plaintiffs-Appellants,

v.

CHOCK FULL O'NUTS CORPORATION, Defendant-Appellee.

No. 90, Docket 28316.

United States Court of Appeals Second Circuit.

Argued Nov. 1, 1963.

Decided Jan. 3, 1964.

Morris J. Levy, New York City, for plaintiffs-appellants.

Debevoise, Plimpton, Lyons & Gates, New York City, for defendant-appellee. Samuel E. Gates, J. Asa Rountree and Cecil Wray, Jr., New York City, of counsel.

Philip A. Loomis, Gen. Counsel, David Ferber, Associate Gen. Counsel, John A. Dudley, Sp. Counsel, Donald R. Joliffe, Atty., Washington, D. C., Counsel for Securities and Exchange Commission as amicus curiæ.

Before SWAN, CLARK and MAR-SHALL, Circuit Judges.

SWAN, Circuit Judge.

This action was commenced in November 1962 in the Supreme Court of New York for the County of New York. The defendant caused it to be removed to the court below on the ground the claim asserted is one "arising under the * * * laws of the United States," namely, 15 U.S.C.A. § 78p(b). After defendant had filed its answer, plaintiffs moved for summary judgment, and appellee moved to dismiss the complaint. Plaintiffs' motion was denied and the complaint was dismissed for failure to state a claim upon which relief can be granted. Plaintiffs have appealed. The Securities and Exchange Commission as *amicus* has filed a brief supporting the plaintiffs' appeal.

Plaintiff Gilson owns shares of stock of defendant, a New York corporation. Levy, the other plaintiff, is an attorney whom Gilson employed on a contingent fee basis to discover whether directors and other "insiders" of the defendant corporation had made "short swing" profits recoverable by the corporation pursuant to 15 U.S.C.A. § 78p(b).

By letter dated April 10, 1962, Mr. Levy informed the corporation that certain directors whom he named, had made "short swing" profits and he requested the corporation to institute suit to recover them. The letter also stated that unless the corporation should institute such action before May 31, 1962, his client would sue on the defendant's behalf. The defendant did file suit, and recovered from its officers without a trial some $56,000 in settlement of the claim. Shortly thereafter the plaintiffs brought the present action to recover expenses and legal fees in the alleged amount of $15,-000. The complaint contains two counts. Gilson is the plaintiff in count 1; Levy in count 2.

Count 1 alleges that Gilson owns common stock of defendant; that he employed Levy to make the investigation and to request defendant to bring suit with the result above described; that defendant "has knowingly received, accepted and retained the benefits of the services so rendered by plaintiff, Gilson, through his attorney, Levy"; and that Gilson "seeks no personal benefit or recovery but brings this action to recover the expenses contingently incurred by him in an amount of the reasonable value of the legal services rendered by his attorney, Levy, and solely for the purpose of paying for such services."

Section 16(b) of the Securities and Exchange Act of 1934, 15 U.S.C.A. § 78p (b) provides: "Suit to recover such

profit may be instituted * * * by the owner of any security of the issuer in the name and in behalf of the issuer if the issuer shall fail or refuse to bring such suit within sixty days after request * * *." During the sixty-day period plaintiff Gilson had no authority to sue on behalf of the corporation, and since he incurred no liability to Levy in engaging him to request suit by the corporation, it would logically seem to follow that count 1 alleges no facts which entitle Gilson to any recovery from the defendant. However, Dottenheim v. Emerson Electric Mfg. Co., 77 F.Supp. 306 (D.C.E.D.N.Y.) is directly to the contrary. There a stockholder of the defendant engaged an attorney upon a contingent fee basis to investigate whether one of the defendant's directors had made "short swing" profits recoverable by the corporation, and demanded that the corporation bring suit to recover them. It recovered them without suit, and the stockholder then sued to recover the expenses of counsel "contingently undertaken and incurred." Recovery was allowed.

The principle of the Dottenheim case, so far as we are informed, has never been questioned. It was cited with approval by Judge Weinfeld in Henss v. Schneider, 132 F.Supp. 60, 63 (D.C.S.D. N.Y.); by Judge Ryan in Magida v. Continental Can Co., 176 F.Supp. 781, 783 (D.C.S.D.N.Y.) and by Judge Woodbury in Angoff v. Goldfine, 1 Cir., 270 F.2d 185, 190. It has also been cited with approval by commentators on section 16(b). See Loss, Securities Regulation (2d ed. 1961), 1054; also Insider Trading, 66 Harv.L. Rev. 385, 422.

The statute is silent as to attorney's fees. In Smolowe v. Delendo Corporation, 2 Cir., 136 F.2d 231, at page 241, where a stockholder brought a successful suit under section 16(b), we recognized that reimbursement of attorney's fees was required by equitable considerations, and noted also that "* * * in many cases * * * the possibility of recovering attorney's fees will provide the sole stimulus for the enforcement of § 16(b) * * *."

The case at bar is unique in that both Gilson and Levy, each as a plaintiff, seek to recover an attorney's fee for Levy's services beneficial to the corporation. Equitable considerations require the corporation to pay a reasonable attorney's fee. It will make no difference on which count of the complaint recovery is allowed. Of course there cannot be a double recovery by the two plaintiffs.

The judgment of dismissal is reversed and the case is remanded for further proceedings in conformity with the foregoing opinion.

The foregoing opinion was prepared too late to be submitted to Judge CLARK. At the conference after argument Judge CLARK voted "to reverse and remand for the fixing of reasonable fees."