Jerome L. GILSON and Morris J. Levy, Plaintiffs-Appellants,

v.

CHOCK FULL O'NUTS CORPORATION, Defendant-Appellee.

No. 90, Docket 28316.

United States Court of Appeals
Second Circuit.

Argued Nov. 1, 1963.

Decided Jan. 3, 1964.

Rehearing in Banc Granted
March 12, 1964.

Decided April 24, 1964.

19. Local 542, International Union of Operating Engineers, AFL-CIO and R.S. Noonan, Inc., supra note 1.

Morris J. Levy, New York City, for plaintiffs-appellants.

Debevoise, Plimpton, Lyons & Gates, New York City (Samuel E. Gates, J. Asa Rountree and Cecil Wray, Jr., New York City, of counsel), for defendant-appellee.

Before LUMBARD, Chief Judge, and SWAN, WATERMAN, MOORE, FRIENDLY, SMITH, KAUFMAN, HAYS and MARSHALL, Circuit Judges.

FRIENDLY, Circuit Judge.

After this appeal had been decided by the panel, 326 F.2d 246 (2d Cir. 1964), a majority of the Court voted to grant defendant's petition that it be reheard *in banc*. We did this in the belief that the appeal raised the issue whether in a case where an attorney for a stockholder does nothing more than find a

claim for the recovery of "short-swing" profits under § 16(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78p (b), which the corporation then successfully brings at the stockholder's request, the stockholder or the attorney has a right to be compensated by the corporation for the attorney's services, as was held with respect to the stockholder in Dottenheim v. Emerson Elec. Mfg. Co., 7 F.R.D. 195 (E.D.N.Y.1947)—an issue which we deemed important because of the historic concentration of § 16(b) litigation in this circuit. Finding that the services appropriately rendered by the attorney in this case went well beyond what we have just stated, we follow the panel in reversing the district court's order dismissing the complaint, but on a basis somewhat narrower than that indicated in its opinion.

■■ The corporation is wholly in error in urging that, under the rule of Erie R. R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), decision here is controlled by New York law. The right created by § 16(b) for a corporation and, derivatively, for its stockholders being a federal right, its remedial incidents also are a matter of federal law. Board of County Commissioners of the County of Jackson v. United States, 308 U.S. 343, 60 S.Ct. 285, 84 L.Ed. 313 (1939); Royal Indem. Co. v. United States, 313 U.S. 289, 61 S.Ct. 995, 85 L. Ed. 1361 (1941); Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 715, 65 S.Ct. 895, 89 L.Ed. 1296 (1945); Fielding v. Allen, 181 F.2d 163 (2 Cir.), cert. denied sub nom. Ogden Corp. v. Fielding, 340 U.S. 817, 71 S.Ct. 46, 95 L. Ed. 600 (1950). What can be rightly said is that in deciding how far Congress intended the federal courts to go in allowing a complaining stockholder or his attorney to obtain compensation from a corporation that has succeeded in recovering "short-swing" profits, the rule generally followed by courts of equity in analogous situations is a relevant datum.

In contrast to the general recognition that "a stockholder who is successful in maintaining * * * an action" for the corporation's benefit which it has been unwilling to institute "is entitled to reimbursement for reasonable attorney's fees on the theory that the corporation which has received the benefit of the attorney's services should pay the reasonable value thereof," on which this court relied for the award of such reimbursement under § 16(b) in Smolowe v. Delendo Corp., 136 F.2d 231, 241 (2 Cir. 1943), a stockholder who, even at considerable effort, only brings to the corporation's attention a claim that it successfully prosecutes, has been held not to be so entitled. Evans v. Diamond Alkali Co., 315 Pa. 335, 172 A. 678 (1934); see also Ripley v. International Railways of Central America, 16 A.D.2d 260, 227 N.Y.S.2d 64 (1st Dep't), aff'd, 12 N.Y.2d 814, 236 N.Y.S.2d 64, 187 N.E.2d 131 (1962). Acts of this sort seem rather analogous to those of the informer, which, like those of other volunteers, are not usually compensable in the absence of statute. See United States ex rel. Marcus v. Hess, 317 U.S. 537, 63 S.Ct. 379, 87 L.Ed. 443 (1943). There are policy considerations against requiring a corporation to pay a stockholder for volunteering to do what the corporation ought to do and might well have done without any impulse from him, considerations that would be especially strong in a case where the stockholder's request was made shortly after the information became available from reports under § 16 (a) and at a time when the corporation still had many months in which to sue. We find it unnecessary in this case to weigh such considerations against the contrary ones that have been urged in support of Dottenheim. See 2 Loss, Securities Regulation 1054 (2d ed. 1961). For the record shows that the services appropriately rendered by Gilson's attorney were considerably more than simple preparation of the statutory request to the corporation to sue.

■ The attorney's letter of April 10, 1962, listed five officers or directors alleged to have made profits recoverable under § 16(b). The letter asserted also,

and the corporation has not denied, that the two-year statute of limitations in § 16(b) would "bar many of the transactions unless suit is instituted prior to June 2, 1962." On April 16, 1962, the corporation acknowledged receipt of the letter and told the attorney to "be advised that a preliminary investigation indicates that there has not been any violation by the individuals named * * *"; there was no offer to communicate with him after further investigation. The attorney's affidavit states that, faced with this negative attitude and the prospective running of the statute, he set about, surely not unreasonably, to draft a complaint, but decided not to file it until after May 31—the sixty-day period fixed by the statute for action by the corporation not expiring until shortly thereafter, cf. Henss v. Schneider, 132 F.Supp. 60, 63 (S.D.N.Y. 1955); and that only on May 31, 1962, was he informed by the corporation that it had instituted actions against the five insiders that day.

It would run counter to effective enforcement of the statute wholly to deny compensation in such a case. The amount is quite another matter. This should not be as much as if the attorney had himself instituted and prosecuted the actions; the corporation ought not have to pay both him and its own counsel for the same legal services, save insofar as its delay and initial negative response made duplication of legal services appropriate for the protection of stockholders. Moreover, we do not consider that the statute contemplates an allowance for "watch-dog" services after a corporation has begun an action, as the attorney's affidavit seeks, see Cook and Feldman, Insider Trading under the Securities Exchange Act, 66 Harv.L.Rev. 385, 422 (1953); compensation for successfully opposing an improvident settlement proposed by the corporation, see 2 Loss, supra, 1050–51, would be a different matter.

The judgment of dismissal is reversed and the case remanded for further proceedings consistent with this opinion.