Cleary, Gottlieb, Steen & Hamilton, New York City, for defendant.

**Isadore BLAU and Morris J. Levy, Plaintiffs,**

v.

**RAYETTE–FABERGE, INC., Defendant.**

**No. 66 Civ. 3766.**

United States District Court
S. D. New York.

July 19, 1967.

## OPINION

TYLER, District Judge.

The ultimate facts necessary for disposition of this controversy being undisputed, defendant's motion for summary judgment dismissing the complaint is granted. Necessarily, therefore, plaintiffs' motion for partial summary judgment on the issue of liability is denied.

On July 28, 1966, plaintiff Morris J. Levy, a member of the New York Bar, wrote a letter to Rayette-Faberge, Inc., requesting it to recover profits realized by Walter P. Niemiec, one of its directors and officers, in transactions in the corporation's stock which Levy claimed to be proscribed by Section 16(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78p(b). Mr. Levy, representing plaintiff Isadore Blau, who is alleged to be a stockholder of Rayette-Faberge, threatened suit if the company did not take action to enforce its claim against Niemiec within the sixty days allowed by Section 16(b). Before the sixty-day period expired, the corporation recovered

---

5. Id.

6. Houston Insulation Contractors Association v. NLRB, (5th Cir. 1966), 357 F.2d 182.

the amount plus interest due to it from Niemiec under the statute.

Plaintiffs contend that Mr. Levy is entitled to be paid $5,000 by the corporation for his legal services, and they have brought this action to recover fees in this amount.

Accepting the allegations and statements of plaintiffs as true, it would appear that, prior to July 28, Mr. Levy performed extensive research of the facts and the law. His letter of July 28, of course, was based on this research. Thereafter, he prepared a complaint in draft form.

Despite my acceptance of the averments of Mr. Levy, I conclude that he does not qualify for attorney's fees under the rationale set forth by Judge Friendly, speaking for the Court of Appeals for the Second Circuit sitting *en banc,* in Gilson v. Chock Full O' Nuts Corp., 331 F.2d 107 (2d Cir. 1964). Simply stated, the record shows that Levy's aforementioned efforts and services were not "appropriately rendered" under the circumstances of this case; thus, this action must fail. See *Gilson, supra* at 109. The research incident to preparation of the letter, while extensive, has no legal force and effect here since it related only to plaintiffs' efforts to bring to the attention of the corporation the transactions complained of. 331 F.2d at 109. For the reasons stated immediately hereafter, the drafting of the complaint was premature and totally unnecessary.

The corporation never indicated to Levy or Blau that it was either skeptical about the merits of the claim against Niemiec or reluctant to pursue its remedies. The corporation's representatives undertook to investigate, and, as a result of such investigations, full statutory recovery was achieved. Furthermore, there was no compelling requirement for Levy to take action before the expiration of the statutory sixty-day period because the applicable statute of limitations pertaining to the corporation's claim against Niemiec would not have expired until almost four months after expiration of the sixty-day period.

This is a case, then, where the stockholder and his attorney " * * * even at considerable effort, only brings to the corporation's attention a claim that it successfully prosecutes". 331 F.2d at 109. The complaint must be and is dismissed.

It is so ordered.