**Victor S. SARRATT, Plaintiff,**

v.

**Joseph E. WALKER, Defendant.**

**Civ. A. No. 75–1454.**

United States District Court,
D. South Carolina,
Spartanburg Division.

Oct. 30, 1975.

H. Fulton Ross, Jr., of Sarratt & Ross, Gaffney, S.C., for plaintiff.

William M. Grant, Jr., of Haynsworth, Perry, Bryant, Marion & Johnstone, Greenville, S.C. and Hugh B. Campbell, Jr., of Craighill, Rendleman & Clarkson, P.A., Charlotte, N.C., for defendant.

## ORDER

HEMPHILL, District Judge.

The matter before the court is defendant's motion to quash the return of service of summons and complaint and to dismiss the instant action.

This action is brought under the provisions of the Securities Exchange Act of 1934, 15 U.S.C. § 78a et seq. (1971), specifically for alleged violations of Section 10(b) of the Act, 15 U.S.C. § 78j (1971). The complaint alleges that defendant, who appears to be a resident of the State of North Carolina, mailed to the plaintiff in South Carolina, by way of the United States Postal Service, the financial statement of and a subsequent solicitation for the purchase of stock in Champion Furniture, Inc. Plaintiff subsequently purchased such stock and now alleges that errors and material omissions in the aforesaid material constituted a violation of § 10(b).

15 U.S.C. § 78aa (1971)[1] confers exclusive jurisdiction in cases of this type upon district courts of the United States. Thus, the action is based on federal subject matter jurisdiction, and is not, as defendant contends, dependent upon the existence of a minimum amount in controversy as is required for diversity jurisdiction.

Defendant also contends that the service effected upon him in this case was improper and that this court lacks personal jurisdiction. The substance of Section 78aa, however, is that in a case brought under this chapter in a district in which venue is proper, the defendant may be served in any district of which he is an inhabitant or in which he may be found. The constitutionality of this provision was upheld in *Gratz v. Claughton*, 187 F.2d 46 (2nd Cir.), *cert. denied* 341 U.S. 920, 71 S.Ct. 741, 95 L. Ed. 1353 (1951), and Congress' purpose in enacting it was to extend personal jurisdiction to the full limits permitted by the due process clause. *Leasco Data Processing Equipment Corp. v. Maxwell*, 468 F.2d 1326 (2nd Cir. 1972). In the present case, if the propriety of venue in the District of South Carolina can be established, there will remain no doubt as to the validity of the service and this court's personal jurisdiction over the defendant.

Included in Section 78aa are four possible alternatives for proper venue in an action under this Act: (1) where the defendant may be found, (2) where the defendant is an inhabitant, (3) where the defendant transacts business, or (4) where an act or transaction constituting the violation occurred. Only the final alternative is applicable here, but it appears sufficient to estab-

---

[1]. 15 U.S.C. § 78aa provides: Jurisdiction of offenses and suits

The district courts of the United States, and the United States courts of any Territory or other place subject to the jurisdiction of the United States shall have exclusive jurisdiction of violations of this chapter of the rules and regulations thereunder, and of all suits in equity and actions at law brought to enforce any liability or duty created by this chapter or the rules and regulations thereunder. Any criminal proceeding may be brought in the district wherein any act or transaction constituting the violation occurred. Any suit or action to enforce any liability or duty created by this chapter or rules and regulations thereunder, or to enjoin any violation of such chapter or rules and regulations, may be brought in any such district or in the district wherein the defendant is found or is an inhabitant or transacts business, and process in such cases may be served in any other district of which the defendant is an inhabitant or wherever the defendant may be found. Judgments and decrees so rendered shall be subject to review as provided in sections 225 and 347 of Title 28. No costs shall be assessed for or against the Commission in any proceeding under this chapter brought by or against it in the Supreme Court or such other courts.

lish proper venue in the District of South Carolina, since the complaint and accompanying affidavit allege that defendant on two occasions employed the mails to transmit to the plaintiff in South Carolina materials which effected the illegal actions. The Fifth Circuit concluded in 1961 that "any use of instrumentalities of the mails or other interstate facilities made within the forum district constituting an important step in the execution of the fraudulent, deceitful scheme or in its consummation is sufficient" for venue to lie in that district. *Hooper v. Mountain States Securities Corp.,* 282 F.2d 195, 204–05 (5th Cir. 1960), *cert. denied,* 365 U.S. 814, 81 S.Ct. 695, 5 L. Ed.2d 693 (1961); cf. *Mariash v. Morrill,* 496 F.2d 1138 (2nd Cir. 1974). Other district courts considering this question have also reached the same conclusion and held that venue is proper in a district although the defendant committed only a single act there and was never in fact physically present. *See, e. g., Oxford First Corp. v. PNC Liquidating Corp.,* 372 F.Supp. 191 (E.D.Pa. 1974); *Prettner v. Aston,* 339 F.Supp. 273 (D.Del.1972); *Stern v. Gobeloff,* 332 F.Supp. 909 (D.C.Md.1971); *Livingston v. Weis,* 294 F.Supp. 676 (D.C. N.J.1968); *Schneider v. Sears,* 265 F. Supp. 257 (D.C.N.Y.1967).

The clear authority above and a consideration of the pleadings in the light most favorable to the non-moving party, as Rule 12 requires, compel this court to conclude that venue and jurisdiction in this district are proper and that defendant's motions must be denied. Under the provisions of Rule 12, defendant shall serve his answer within 10 days after notice of this order.

And it is so ordered.