**Harry LEWIS and Levy and Levy, Plaintiffs,**

v.

**L. B. NELSON CORPORATION, Defendant.**

**No. 79 Civ. 3708 (WCC).**

United States District Court, S. D. New York.

Aug. 25, 1980.

Levy & Levy, New York City, Morris J. Levy, New York City, of counsel, for plaintiffs.

Fenwick, Stone, Davis & West, New York City, Ronald Abramson, New York City, of counsel, for defendant.

OPINION AND ORDER

CONNER, District Judge:

Defendant L. B. Nelson Corporation has moved to reargue this Court's decision denying defendant's motion to dismiss this action for lack of subject matter jurisdic-

tion. Defendant urges that *Grace v. Ludwig*, 484 F.2d 1262 (2d Cir. 1973) is controlling and mandates a dismissal of plaintiffs' claim for attorneys' fees incident to a Section 16(b) claim where less than $10,000 is at issue.

As this Court's previous Opinion and Order in this case stated, the Second Circuit has explicitly held that recovery of attorneys' fees is a "remedial incident" of Section 16(b) of the Securities Exchange Act, 15 U.S.C. § 78p(b). *Gilson v. Chock Full O'Nuts Corporation*, 331 F.2d 107 (2d Cir. 1964). In *Blau v. Rayette-Faberge*, 389 F.2d 469 (2d Cir. 1968), the Second Circuit, in allowing a claim for attorneys' fees under Section 16(b) even where, as here, the shareholder plaintiff and his attorney merely discovered the violation and notified the corporation, which then recovered by means of a settlement, stated:

"It must be recalled that the purpose of section 16(b) is to prevent 'the unfair use of information' by insiders and to correct the 'widely condemned evil' of speculation by insiders in the securities of their corporation. [citations omitted.] And we have recently been reminded that the Securities Exchange Act of 1934 was remedial legislation which 'should be construed broadly to effect its purpose.' " *Id.* at 474.

Subsequent cases in this Circuit have continued to approve awards of reasonable attorneys' fees to shareholders acting to secure enforcement of Section 16(b). *Gagne v. Maher*, 594 F.2d 336, 340 (2d Cir. 1979); *Lewis v. Realty Equities*, 396 F.Supp. 1026 (S.D.N.Y.1975).

As defendant points out, neither *Blau* nor *Chock Full O'Nuts* specifically discusses whether, when, as in this case, an attorneys' fee claim based on a Section 16(b) settlement falls below the $10,000 jurisdictional amount required by 28 U.S.C. § 1331, the characterization of such a claim as a "remedial incident" to Section 16(b) enforcement under *Blau* and *Chock Full O'Nuts* is sufficient to bring that claim within the jurisdictional provision of Section 27 of the Exchange Act, 15 U.S.C. § 78aa, which gives district courts:

"exclusive jurisdiction of violations of this chapter or the rules and regulations thereunder, and of all suits in equity and actions at law brought to enforce any liability or duty created by this chapter or the rules and regulations thereunder." [1]

In *Chock Full O'Nuts*, Judge Friendly indicated that the amount of attorneys' fees a shareholder could recover after prompting the corporation to take action under Section 16(b) might well be minimal, since the shareholder's counsel should only receive payment for any services not duplicative of those subsequently rendered by counsel for the corporation. *Id.* at 110. Judge Friendly did not reach the jurisdictional issue, however, since the claim in that case was for $15,000 in attorneys' fees, an amount over the minimum required by Section 1331. See 326 F.2d at 246, 247 (amount at issue in *Chock Full O'Nuts*).

In *Blau*, Judge Feinberg interpreted *Chock Full O'Nuts* expansively to encompass services no more extensive than a shareholder's attorney's letter to the corporation leading to corporate recovery by means of a settlement with the insider involved. Judge Feinberg could not have anticipated that attorneys' fees recoverable in such a case would be more than $10,000 in amount. In fact, he cites with approval *Dottenheim v. Emerson Electric Manufacturing Company*, 7 F.R.D. 195 (E.D.N.Y. 1947), a case allowing a shareholder to recover attorneys' fees for investigating a Section 16(b) violation and notifying the corporation by letter, leading to corporate recovery without a lawsuit, in which the counsel fees allowed were $1,000. 389 F.2d at 472 (noting also that shareholder recovery of attorneys' fees in such a situation has been approved by Professor Loss, 2 Loss, Securities Regulation 1054 (2d ed.)) and 472, n.2.

In the one case in this Circuit postdating *Chock Full O'Nuts* and *Blau* in which this

---

1. There is no dispute that, under Section 27, no jurisdictional amount is required. See, *e. g.*, *Sarratt v. Walker*, 405 F.Supp. 132 (D.S.C. 1975).

particular jurisdictional issue was squarely presented, *Gilson v. Pittsburgh Forgings Company*, 284 F.Supp. 569 (S.D.N.Y.1968), plaintiff sought attorneys' fees of $2,500, an amount clearly lower than the minimum required by 28 U.S.C. § 1331, after notifying the corporation of four Section 16(b) claims on which the corporation then recovered without bringing suit. The court ruled that, regardless of the amount in controversy, federal jurisdiction was proper under Section 27 of the Exchange Act, as the claim for attorneys' fees in connection with enforcement of Section 16(b) was one "created by" the Securities Exchange Act. Judge Wyatt stated:

"[t]he motion to dismiss for lack of jurisdiction over the subject matter is plainly without merit. Section 27 of the Act . . . gives jurisdiction to this Court of 'violations' of the Act and of 'all suits in equity and actions at law brought to enforce any liability or duty created' by the Act. The liability under Section 16(b) is one patently created by the Act and the claim to compensation of an attorney in connection therewith is one of the "remedial incidents" to be governed by federal law [citing *Gilson v. Chock Full O'Nuts*]." *Id.* at 570.

In the subsequent case of *Grace v. Ludwig, supra*, however, a case in which attorneys' fees were sought in connection with possible violations of the antifraud or affiliated company transaction provisions of the Securities Exchange Act and the Investment Company Act, the Second Circuit suggested that a federal court might lack jurisdiction over a claim for attorneys' fees in connection with enforcement of a Section 16(b) claim if the amount sued for were below the $10,000 required by 28 U.S.C. § 1331. Plaintiffs Grace and LLB were, respectively, certain minority shareholders of a 91%-owned closed-end investment company which had been merged into its parent, Berkshire Industries, Inc., and the law firm which represented those shareholders. As part of the merger proceedings, Berkshire had applied for an exemption under Section 17 of the Investment Company Act of 1940, 15 U.S.C. § 80a–17, which prohibits

absorption of such a subsidiary by the short-form merger planned by Berkshire unless the SEC finds the proposed merger "reasonable, fair, free of overreaching and consistent with the general purposes of the Act." *Id.* at 1263. In proceedings before the Securities and Exchange Commission ("SEC")—where the parties were Berkshire and the SEC's Division of Corporate Regulation—minority shareholders including the plaintiffs were granted leave to participate and did so. At the close of the SEC hearing, Berkshire withdrew its Section 17 exemption application and the SEC denied LLB's application for attorneys' fees to be paid by the subsidiary or by Berkshire on the grounds that the SEC lacked jurisdiction to consider such a claim. Plaintiffs then brought an action for attorneys' fees and expenses incurred in connection with the SEC proceeding, alleging that, by their actions, they had prevented violations of Sections 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and 17(a) of the Investment Company Act. On Appeal from the district court's dismissal of that action, the Second Circuit stated:

"it would appear that the illicit behavior charged is encompassed within the substantive sections of the Investment Company Act and of the Securities Exchange Act relied upon in the complaint.

\*      \*      \*      \*      \*      \*

"However, the jurisdictional sections [Section 27 of the Exchange Act and Section 44 of the Investment Company Act] specify that federal courts shall have jurisdiction only of 'violations' of these statutes and actions in equity and at law brought to enforce any 'liability or duty' created by the [statutes]." *Id.* at 1266.

The court then suggested that, as to those defendants who were fellow minority stockholders along with plaintiff Grace, it appeared that no Section 27 jurisdiction existed, since those defendants, rather than allegedly violating Sections 10(b) of the Exchange Act and 17(a) of the Investment Company Act, "were rather the intended victims" with no liabilities or duties under such statutes; but that jurisdiction did exist over plaintiffs' claims against those de-

fendants under 28 U.S.C. § 1331, since the amount in controversy was well in excess of $10,000 and since plaintiffs' claim stated a federal equitable cause of action. In discussing the federal question raised by plaintiffs' claim, the court referred, by analogy, to *Gilson v. Chock Full O'Nuts*, which, the court stated, had been "properly brought" in federal court even though "[t]he corporation there was not in violation of the securities laws any more than the minority stockholders here." *Id.*

After disposing of the jurisdictional question, the court went on to rule that, unlike the Section 16(b) enforcement situations in *Blau, Chock Full O'Nuts* and *Smolowe v. Delendo Corporation*, 136 F.2d 231 (2d Cir.), cert. denied, 320 U.S. 751, 64 S.Ct. 46, 88 L.Ed. 446 (1943), no attorneys' fees were warranted in the *Grace* case. The court explained the differences in the two situations as follows:

> "As we pointed out in *Smolowe*, 'the possibility of recovering attorney's fees will provide the sole stimulus for the enforcement of § 16(b) . . .' 136 F.2d at 241.
>
> We find no such 'special circumstances' here. The role of the SEC in the case at hand was markedly distinguishable. The statute here did not envisage a simple reporting procedure or the mere submission of written materials for pro forma or perfunctory review.
>
> \*    \*    \*    \*    \*    \*
>
> "In view of the direct and substantial interest of the Grace stockholders, LLB's representation was not stimulated solely by the expectation of fees from those who had not retained them.
>
> "citing *Smolowe, supra*]." *Id.* at 1268.

The court further described an action for counsel fees under the circumstances of the *Grace* case as resting on the equitable basis of preventing unjust enrichment, and noted

that neither the corporations involved in *Grace* nor the minority shareholders other than plaintiff Grace had been enriched by the actions of plaintiffs Grace and LLB, *id.* at 1269–70. Finally, the court noted that policy considerations such as the difficulty of measuring the value of the regulatory intervention undertaken by the Grace plaintiffs and avoidance of unnecessary intervention in SEC proceedings where the SEC presumably already represented the interest of minority shareholders such as Grace militated against an attorneys' fee recovery in the case.[2]

While the jurisdictional discussion in *Grace* might imply that no federal jurisdiction exists in a claim such as this one for attorneys' fees of under $10,000 in connection with the enforcement of Section 16(b), this Court finds that a strict application of such an interpretation of Section 27 based on *Grace*—which, the Court notes again, is a case under Sections 10(b) and 17(a), not under Section 16(b)—would severely limit, if not render meaningless, the federal cause of action found to exist in *Gilson v. Chock Full O'Nuts* and, particularly, *Blau*. A claim for attorneys' fees in a case such as *Blau*, where a corporation settles a Section 16(b) claim against an insider after notification of the possibility of such a claim by a shareholder or his attorney will seldom, if ever, rise above $10,000, the jurisdictional amount required by 28 U.S.C. § 1331, and, in fact, that case approves an attorneys' fee award in connection with Section 16(b) enforcement of far less than $10,000. It seems anomalous and wholly inconsistent with *Blau* to state that a federal cause of action exists for such a claim as a remedial incident to Section 16(b), a section which, under Section 27, can only be enforced in federal court, on the one hand, and on the other hand, deny a shareholder plaintiff a federal forum in which to pursue such a claim. Such an interpretation of Section 27

---

**2.** *Hennessey v. Fein*, 176 F.Supp. 228 (S.D.N.Y. 1959), also cited by defendant, is a suit for attorneys' fees, following legal services undertaken to enforce Section 16(b), brought under New York law, former Sections 63, 64 and 65 of the New York General Corporations Law, and is thus inapposite to the issues before this Court. Insofar as the *Hennessey* case discuss-

es the relationship of plaintiff's state law attorneys' fee claim to the federal securities laws, the case's interpretation that an application for attorneys' fees is not "an incident to the federal [Section 16(b)] action" creating federal question jurisdiction, 176 F.Supp. at 229, clearly predates *Gilson v. Chock Full O'Nuts* and *Blau*.

might also encourage shareholders and their attorneys to attempt to avoid those provisions of Section 16(b) requiring a shareholder discovering a violation of the section to give the corporation an opportunity to correct the violation, see *Blau, supra,* 389 F.2d at 472 (quoting *Dottenheim, supra*), or to pursue only those violations sufficiently large to generate a large claim for attorneys' fees. Moreover, the interpretation, as well as its possible effects, appears to run counter to the policy considerations relating to Section 16(b) enforcement outlined in *Blau* and *Chock Full O'Nuts, supra,* as well as in Grace itself. Absent a direct ruling by the Second Circuit denying a plaintiff with a Section 16(b)-related attorneys' fee claim of less than $10,000 a federal forum in which to pursue that claim, therefore, this Court will read Section 27 as creating jurisdiction over such a claim.

For the foregoing reasons, defendant's motion to reargue is granted, but the denial of defendant's motion to dismiss is reaffirmed.

So ordered.