**Naveen and Anuradha JAIN, Plaintiffs,**

v.

**CLARENDON AMERICA CO.,
et al., Defendants.**

No. C03–2842P.

United States District Court,
W.D. Washington.

Jan. 9, 2004.

ORDER GRANTING PLAINTIFFS'
MOTION TO REMAND

PECHMAN, District Judge.

This matter comes before the Court on Plaintiffs' motion to remand. (Dkt. No. 17.) Having reviewed all of the pleadings and supplemental materials and having heard oral argument on the matter, the Court GRANTS Plaintiffs' Motion to Re-

mand. Defendants argue that the Plaintiffs' ("the Jains") state law contract and tort claims are really claims for indemnification of the Jains' Section 16(b) liability under the Securities and Exchange Act ("the SEA" or "the Act"). According to Defendants, federal law bars indemnification for Section 16(b) liability. Based on this, Defendants maintain that there is removal jurisdiction under the artful pleading doctrine. However, Defendants have failed to meet the requirements of the artful pleading doctrine. The Jains' claims are not necessarily federal in character. Nor is a federal question an element of their state law contract and tort claims. Instead, Defendants' argument is properly characterized as a defense based on a federal question. As a defense, it cannot provide the basis for removal jurisdiction.

## BACKGROUND

This case stems from the *Dreiling v. Jain* case ("the *Dreiling* litigation"), C01–1528P. On May 14, 2003, this Court entered summary judgment against the Jains, concluding that they had engaged in prohibited short-swing trading in violation of Section 16(b) of the SEA. On August 22, this Court entered judgment against the Jains, ordering them to disgorge the profits from these trades, totaling approximately $200 million dollars plus prejudgment interest.

In August, the Jains filed this law suit in state court against Infospace and various insurance companies who provided Directors and Officers ("D&O") insurance to Infospace. According to the Jains, the D&O insurance covered Section 16(b) violations. Sometime after the *Dreiling* litigation judgment, the Jains sought coverage from Infospace's D&O insurers for their Section 16(b) liability. The D&O insurers denied coverage. The Jains filed suit, alleging breach of contract, breach of duty of good faith and fair dealing, breach

of fiduciary duties, intentional interference with contract relations, declaratory relief, and recovery of costs associated with this action. Infospace is a defendant in this case because the Jains claim that Infospace interfered with their access to the D&O policy benefits and sought to syphon off all of the available insurance proceeds to cover the corporation in separate shareholder litigation.

Defendants removed the Jains' D&O insurers suit. In their removal notice, Defendants claimed that the federal district court has removal jurisdiction because "plaintiffs' claims implicate and depend upon a substantial federal question.... [T]he Jains' claims depend upon whether indemnity is available for Section 16(b) liability. The federal case law is clear that Section 16(b) liability cannot be indemnified." (Notice of Removal, ¶ 3)

## ANALYSIS

■ The removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* The removing party has the burden of proof that removal was proper. *Id.* When removal is premised on a federal question, the removing party must establish the federal nature of the claim.

■ Removal analysis begins with the well-pleaded complaint rule, in which federal question jurisdiction exists only when a federal question is present on the face of the plaintiff's properly plead complaint. *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475, 118 S.Ct. 921, 139 L.Ed.2d 912 (1998) (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987)). Moreover, a plaintiff may defeat removal by choosing not to plead independent federal claims. *ARCO*

*Envtl. Remediation v. Dep't of Health and Envtl. Quality*, 213 F.3d 1108, 1114 (9th Cir.2000). Both parties agree that neither of the complaints in these actions explicitly set forth a federal cause of action.

 Nonetheless, Defendants argue that this Court has removal jurisdiction under the artful pleading doctrine. A plaintiff may not defeat removal of a federal claim by artfully pleading it as a state claim or omitting to plead necessary federal questions. *Rivet*, 522 U.S. at 475, 118 S.Ct. 921, *Franchise*, 463 U.S. at 22, 103 S.Ct. 2841. The artful pleading doctrine applies when either 1) federal law completely preempts state law, 2) the claim is necessarily federal in character, or 3) the right to relief depends on the resolution of a substantial, disputed federal question. *ARCO*, 213 F.3d at 1114. (A recent Ninth Circuit opinion combined 2) and 3) into one standard, with two sub-parts. *Lippitt v. Raymond James Fin. Servs.*, 340 F.3d 1033, 1041–42 (9th Cir.2003). This appears to be merely a semantic difference.) Both parties agree that the SEA does not completely preempt the field.

However, Defendants contend that the Jains' claims are necessarily federal in character and that the Jains' right to relief depends on resolution of a substantial, disputed federal question. The Defendants' two arguments stem from their basic premise that the Jains' claims are really claims for indemnification disguised as state law claims. Defendants cite a Tenth Circuit case for the proposition that the SEA prohibits indemnification for Section 16(b) liability. *First Golden Bancorporation v. Weiszmann*, 942 F.2d 726 (10th Cir.1991). Therefore, according to Defendants, the Jains must show that their Section 16(b) liability can be indemnified. In other words, indemnification for Section 16(b) liability is a condition precedent to Jains' state law claims.

 In contrast, if a defendant's basis for removal jurisdiction is a federal question defense, as opposed to an affirmative federal claim that plaintiff disguised as a state law claim, there is no removal jurisdiction. It is settled law that a defense based on a federal question does not establish federal jurisdiction. This is true "even if the defense is anticipated in the plaintiff's complaint and both parties agree that the defense is the only question truly at issue in the case." *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation*, 463 U.S. 1, 14, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). "A defense is not part of a plaintiff's properly pleaded statement of his or her claim." *Rivet*, 522 U.S. at 475, 118 S.Ct. 921. The Jains contend that Defendants' argument is a federal question defense.

*I. The Jains' Claims Are Not Necessarily Federal in Character*

 Defendants' "necessarily federal" argument rests on two provisions of the SEA. First, Section 16(b) liability cannot be waived or altered by agreement. 15 U.S.C. § 78cc(a). Second, federal courts have exclusive jurisdiction over all suits "brought to enforce any liability or duty created by this chapter or the rules and regulations thereunder." § 78aa. According to Defendants, Plaintiffs' claims, which are really an attempt to seek reimbursement or indemnification for their Section 16(b) liability, undermine the prohibition on waiving or altering liability by agreement. In essence, Defendants argue that by seeking reimbursement or indemnification from Infospace's D & O insurers for the Jains' Section 16(b) liability, the Jains would be escaping their Section 16(b) liability, or "contracting it away," in violation of § 78cc(a). Moreover, by doing so, they are attempting to escape enforcement of their Section 16(b) liability. This challenge to the enforcement of Section 16(b)

liability triggers the exclusive jurisdiction provision in § 78aa.

A similar issue was addressed by the Ninth Circuit in *Lippitt.* The plaintiff alleged that marketing by brokerage firms of a "callable certificate of deposit" violated state unfair competition laws. Defendant claimed that the exclusive federal jurisdiction provision in § 78aa of the SEA supported removal jurisdiction. 340 F.3d at 1036. The Ninth Circuit rejected this argument. The court held that plaintiff's claims did not fall within the scope of § 78aa because plaintiff was not attempting to enforce any provision of the Act. Rather, he sought to enforce state law. *Id.* at 1037.

Like the plaintiff in *Lippitt,* the Jains' claims do not touch upon the enforcement of their Section 16(b) liability. They are not seeking through this lawsuit to challenge their Section 16(b) liability or to escape enforcement of their Section 16(b) liability. In fact, the Jains' Section 16(b) liability is the premise upon which their state law claims rest. If they were challenging the validity of their Section 16(b) liability, they could not allege a breach of contract for not insuring that liability. This lawsuit does not challenge the liability itself; success on the merits would not negate the fact that they were held strictly liable for Section 16(b) violations. Instead, the Jains are merely seeking to require other parties to comply with an insurance contract that included coverage for Section 16(b) violations. Like the plaintiff in *Lippitt,* the Jains' state law claims do not fall within the scope of the Act. As such, the exclusive jurisdiction provision of § 78aa is not triggered. Defendants' argument that the Jains are directly challenging a right or liability under the SEA mischaracterize the Jains' claims.

The Court does not find *Bunker Ramo–Eltra Corp. v. Fairchild Industries, Inc.* persuasive on this issue. 639 F.Supp. 409 (D.Md.1986). That court held in dicta that indemnification for Section 16(b) liability would violate § 78cc because it would allow the violators to waive their Section 16(b) liability "since they would not have to return their short-swing profits ...." *Id.* at 419. First, as discussed below, it is not clear that insurance coverage is legally the same as indemnification. In any event, the Jains have to disgorge their short-swing profits regardless of whether they can obtain enforcement of an insurance contract providing coverage for that amount of liability. They are not waiving their Section 16(b) liability.

Defendants' reliance on *ARCO* is equally misplaced. In determining whether a claim is necessarily federal in character, *ARCO* looked to the language of the federal statute upon which the defendant premised removal jurisdiction. 213 F.3d at 1115. Like the SEA, the federal statute at issue in *ARCO,* the Comprehensive Environmental Responsibility, Compensation, and Liability Act (the Superfund legislation), conferred exclusive federal jurisdiction in limited circumstances. Under this Act, exclusive federal jurisdiction existed when a plaintiff's claims challenged a Superfund cleanup. The court held that an action challenged Superfund cleanup if the action was related to the goals of the cleanup. Plaintiff sought disclosure of certain cleanup documents. As such, the plaintiff's claim was not related to Superfund cleanup goals. Therefore, plaintiff's claim was not necessarily federal in character. *Id.* Defendants seize upon this language and argue that, unlike the plaintiff's claims in *ARCO,* the Jains' claims directly challenge the goals of Section 16(b) liability by seeking to "contract away" their liability, in violation of § 78cc. However, the Jains' claims do not directly challenge the strict liability goal of Section 16(b). As discussed above, their Section 16(b) liability is the premise of their state law

claims. Prevailing on their state law claims would not negate the fact that they were deemed liable under Section 16(b).

For this reason, this is case is not analogous to *Gilson v. Chock Full O'Nuts Corp.* 331 F.2d 107 (2d Cir.1964). In *Gilson,* the Second Circuit concluded that awarding attorney's fees to shareholder's counsel who brought a Section 16(b) violation to the attention of the corporation was within the scope of the Act because it was a remedy incidental to the federal right created by Section 16(b). Unlike attorney's fees, which are appropriately deemed instrumental to the enforcement of Section 16(b), a bar on insurance coverage for Section 16(b) liability is not instrumental to the enforcement of Section 16(b). While it may or may not undermine the policy behind Section 16(b), that argument is more appropriately characterized as a federal question defense.

## II. Federal Law Is Not an Element of the Jains' State Law Claims

 Under the third prong of the artful pleading doctrine, federal jurisdiction exists over a state law claim if the right to relief depends on the resolution of a substantial, disputed federal question. In analyzing a state claim under this prong, both *Lippitt* and *ARCO* look to whether a substantial, disputed question of federal law is a *necessary element* of the plaintiff's state law claim. Without this requirement, it would be difficult to impossible to determine when an issue is a substantial and disputed federal question supporting removal jurisdiction versus when an issue is a defense that happens to raise a substantial and disputed federal question upon which the merits of the case may turn, but which cannot support removal jurisdiction. The law is clear that a federal question defense cannot support removal jurisdiction, no matter how central it is to the resolution of plaintiff's claims, nor how novel or complex the federal question may

be. *Rivet,* 522 U.S. at 475, 118 S.Ct. 921, *Franchise Tax Bd.,* 463 U.S. at 14, 103 S.Ct. 2841. Without a clear and systematic way of distinguishing an artfully plead federal claim from a federal question defense, resolution of the kinds of questions presented in this motion would lead to inconsistent and seemingly random results wherein removal jurisdiction would sometimes exist but not others. The necessary element requirement provides a clear and systematic way to distinguish the two. In *Lippitt,* the court reviewed the elements of plaintiff's state law unfair competition claim, finding that "his allegations [were] sufficient ... to sustain the elements of his [unfair competition] claim without resort to federal law." 340 F.3d at 1043. In *ARCO,* the court held that the plaintiff's right to relief seeking disclosure of state agency documents was not predicated on federal law. 213 F.3d at 1116. Like these two cases, federal law is not a necessary element of the Jains' claims in either of their complaints.

 The Jains maintain that Infospace's D&O insurance included coverage of Section 16(b) liability and that the insurance companies breached the insurance contract in denying the Jains coverage. Defendants do not appear to dispute the Jains' contention that the insurance contracts contained coverage for Section 16(b) liability. The Jains' claims against the insurance company Defendants rest solidly in contract law. Likewise, their claim against Infospace for breach of fiduciary duty in syphoning off the available insurance proceeds rests solidly in state common law of torts. Nonetheless, Defendants argue that the Jains' claims are disguised and prohibited indemnity claims.

Defendants imply that insurance coverage is equivalent to indemnification. They do not cite any authority for this principle. The Court's research on this question has

revealed somewhat contradictory conclusions. Indemnity is defined as "a duty to make good any loss, damage, or liability incurred by another; the right of an injured party to claim reimbursement for its loss, damage, or liability from a person who has such a duty; reimbursement or compensation for loss, damage, or liability in tort . . . ." *Black's Law Dictionary* (7th ed.1999). Similarly, "directors' and officer' liability insurance" is defined as "[a]n agreement to indemnify corporate directors and officers against judgments, settlements, and fines arising from negligence suits, shareholder actions, and other business-related suits." *Id.* Under this definition, D & O liability insurance seems to be a form of indemnification.

In contrast, at least one district court in the Ninth Circuit has concluded that insurance coverage and indemnification are not the same. "Indemnity includes the 100% shifting of liability from one party to the other." *Employers Ins. of Wausau v. Musick, Peeler, & Garrett,* 871 F.Supp. 381, 386 (S.D.Cal.1994). Because liability insurance coverage does not make the insurer liable, insurance is not necessarily a form of indemnification under this court's analysis. As such, even if indemnification for Section 16(b) liability is barred by federal law, there is no indication that insurance coverage is likewise barred. The *Wausau* court concluded that any federal law barring indemnification for SEA liability does not bar a party from obtaining insurance to cover that liability. *Id. Wausau*'s analysis and conclusion are consistent with a District of New Jersey case that addressed whether state law claims relating to liability incurred under Section 11 of the SEA could be characterized as indemnity claims. *In re Cendant Corp.,*

139 F.Supp.2d 585 (D.N.J.2001), *vacated on other grounds* 264 F.3d 201 (3d Cir. 2001). Plaintiff alleged state law claims for breach of contract, negligence, and breach of fiduciary duty stemming from their SEA liability. The defendants in *Cendant* argued that the plaintiff's state law claims were essentially indemnity claims. The Court rejected that argument, concluding that "the thrust of indemnification is a secondary level of liability" for the same act, as distinct from state law tort and contract claims arising out of a separate finding of liability. *Id.* at 594–95. The mere fact that the amount sought in the state law claims was equal to the amount of SEA liability incurred did not convert the state law claims into indemnity claims.[1] Similarly here, the mere fact that the Jains seek the same amount of damages from the D & O insurers as their Section 16(b) liability does not convert their breach of insurance contract claim into a claim for indemnification.

 Even if liability insurance is a form of indemnification, proving that federal law allows for Section 16(b) liability insurance coverage is not an element of the Jains' state law claims. The insurance contracts included this coverage. The Jains need not prove the contract was valid under federal law to bring a breach of contract claim. If Defendants want to argue that such coverage conflicts with the general goals of Section 16(b) liability, that argument is a defense to the enforceability of the insurance contract. Defendants' argument is essentially a specific variation on the more general void against public policy defense to the enforcement of a contract. In such situations, the party attacking the enforcement of the contract

---

1. Infospace's attempt to distinguish *Cendant* on the grounds that federal jurisdiction was not at issue is misguided. The relevant principles from *Cendant* have to do with the proper characterization of plaintiff's state law claims, which is relevant here and is distinct from jurisdictional issues.

must prove that the contract is void against public policy. *Nelson v. McGoldrick*, 127 Wash.2d 124, 138–39, 896 P.2d 1258 (1995), *Fluke Corp. v. Hartford Accident and Indemnification Corp.*, 102 Wash.App. 237, 246, 7 P.3d 825 (2000); *Cf. Tjart v. Smith Barney*, 107 Wash.App. 885, 898, 28 P.3d 823 (2001) ("the burden of proving that a contract . . . is unconscionable lies on the party attacking it"). As such, it is Defendants' burden to prove that the insurance contract for Section 16(b) liability goes against the public policy underlying Section 16 of the SEA. As such, it cannot provide the basis for federal jurisdiction. The Court notes that state court judges commonly rule on complex and novel issues of federal law. There is no reason to suggest that only federal court judges have the ability to decide the issues presented in this case.

Lastly, *ARCO*'s analysis of the necessary element requirement provides further support for this Court's conclusion. In holding that the plaintiff's claims was not predicated on federal law, the court distinguished two cases where federal question jurisdiction existed for state law claims, both of which are equally distinguishable here. 213 F.3d at 1116. In one, an element of the plaintiff's state law tort claim was the breach of a duty created by federal law. *Sable v. General Motors Corp.*, 90 F.3d 171 (6th Cir.1996). In the other, an element of the plaintiff's state law breach of warranty claim was an agreement created by federal law. *Marcus v. AT&T*, 138 F.3d 46 (2d Cir.1998). Here, the contract providing for Section 16(b) liability was not created by federal law, regardless of the fact that it covered a federal law violation.

## CONCLUSION

Defendants have failed to establish removal jurisdiction under any of the prongs of the artful pleading doctrine. The Jains' state law contract and tort claims are not necessarily federal in character. Nor is a federal question an element of either their state law contract or tort claims. Instead, Defendants' argument that the Jains' claims are really claims for indemnification barred by federal law is a federal question defense. As such, it cannot provide the basis for removal jurisdiction. Therefore, the Court GRANTS Plaintiffs' motion to remand.

The clerk is directed to provide copies of this order to all counsel of record.